The State *vs.* John F. Connolly et al.

The State *vs.* John E. Harbourne et al.

The State *vs.* John Sullivan et al.

Third Judicial District, New Haven, Jan. Term, 1900. Andrews, C. J., Torrance, Baldwin, Hamersley and Hall, Js.

The judgment must respond to the issue raised by the pleadings and determined by the court, otherwise it is erroneous upon the face of the record.

The power to chancer a bond arises only in case of an admitted liability, and cannot, therefore, be exercised in rendering judgment in an action upon a forfeited recognizance where the sole issue is the plaintiff's right to recover at all. If the issue in such a case is found for the plaintiff the court is bound to render judgment for the full amount of the bond.

Submitted on briefs Jan. 16th—decided Feb. 13th, 1900.

ACTION to recover the amount of a forfeited bail bond for $500, brought to the District Court of Waterbury and tried to the court, *Cowell, J.;* facts found and judgment rendered for the plaintiff for $150 only, and appeal by it for alleged error of the court in reducing the amount of the bond. *Error, judgment set aside and cause remanded.*

Two other cases—State v. Harbourne et al. and State v. Sullivan et al.—identical in their essential features, were tried, appealed and submitted with this case.

The cases are sufficiently stated in the opinion.

*Nathaniel R. Bronson*, Prosecuting Attorney, for the appellant (plaintiff).

*Lucien F. Burpee*, for the appellees (defendants).

ANDREWS, C. J. This was an action in the nature of debt, on a bond of recognizance for the sum of $500. All the allegations of the complaint are found true. Indeed the defendants admitted them to be true and offered no evidence in contradiction. The cause of action was found true, and the full amount of damages claimed was proved. Upon this condition of the case the State was entitled to have, and it was the duty of the court to render, judgment in its favor for the full amount of the bond. The court did not do this, but rendered judgment for only $150.

In his finding of facts the judge says he "heard the situation and the circumstances of the case;" and in the judgment file says that "the court having heard the parties is of the opinion that the bond of $500 as on file should be reduced to $150," and thereupon rendered judgment for that sum. What "the situation and circumstances of the case" were, upon which the court acted in rendering the judgment, we do not know. Whatever they were, they were facts not set forth anywhere in the record. Upon the facts appearing in the record the judgment should have been for the plaintiff to recover the full amount of the bond. Upon some other facts not alleged in the record, the court has rendered a different judgment. This was error.

State *v.* Connolly.

"A judgment must be according to the facts alleged as well as according to the facts proved; otherwise it is erroneous on the face of the record." *Pitkin* v. *New York & N. E. R. Co.*, 64 Conn. 482, 490. "The verity of records and the conclusiveness of judgments alike require that the facts determined should be those only which are within the issues joined." . *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372, 378; *Moran* v. *Bentley*, 69 id. 392, 403. "When the facts upon which the court in any case founds its judgment are not averred in the pleadings, they cannot be made the basis for a recovery." *Whiting* v. *Koepke*, 71 Conn. 77, 79. A judgment must be responsive to the state of facts laid before the tribunal. No court can travel outside the controversy presented to it to touch other rights or relations not involved. Black on Judgments, § 1. "A judgment . . . is the conclusion that naturally and regularly follows from the premises of law and fact, and depends, therefore, not on the arbitrary caprice of the judges, but on the settled and invariable principles of justice." *In re Sedgeley Avenue*, 88 Pa. St. 509, 513.

The power of chancering a bond is a discretionary concession upon an admitted liability. It cannot be exercised in rendering a judgment in a suit upon the bond, when the right of the State to recover at all is put in issue and found by the court in favor of the State.

Any court which should consciously give judgment upon facts not averred in the record and not within the issue, would itself disobey the law it is set to enforce, and bring a stain on the administration of justice.

There is error, the judgment is set aside and the case is remanded to the District Court of Waterbury that judgment may be entered for the State for the full amount of the bond.

The same order should be made in each of the other cases.

In this opinion the other judges concurred.