## DENNIS POWERS *vs.* FRANK MULVEY.

A complaint in a civil action charged the defendant with assaulting and beating the plaintiff. The defendant made answer, by way of justification, that he was a constable, and did the acts in the execution of his office, using no more force than was necessary. The court found the allegations of both complaint and answer true, and rendered judgment for the plaintiff. Held, that this was a finding of the issue for the defendant, and that judgment should have been rendered on it for him.

If the court held the answer of the defendant true, but insufficient, it was deciding an issue that the parties had not raised, as well as an issue of both law and fact at the same time, which under the Practice Act could not be done.

And held that the court could not properly hold the defendant in fault because he had not introduced evidence to show that, after the arrest, he presented the plaintiff before some proper court or magistrate, as required by statute. The arrest being lawful, it would be presumed, in the absence of further evidence, that the defendant, as a public officer, had done his duty.

[Argued December 4th, 1883—decided January 18th, 1884.]

Powers *v.* Mulvey.

ACTION for an assault; brought to the District Court of Waterbury, and tried to the court before *Bradstreet, J.* Facts found, and judgment rendered for the plaintiff. Appeal by defendant to the Superior Court, which court (*Stoddard, J.*) affirmed the decision. The defendant appealed from that judgment to this court. The case is sufficiently stated in the opinion.

*H. C. Baldwin* and *W. Kennedy,* for the appellant.

*J. O'Neil,* for the appellee.

LOOMIS, J. Under the Practice Act the right to recover rests upon, and is limited, by the facts alleged in the complaint. In this case the defendant is only charged with assaulting and beating the plaintiff. False imprisonment, therefore, not being alleged, is to be excluded as a ground for recovery. The facts alleged were not denied by the defendant, but by way of justification he made answer, in substance, that he was a constable, and that in the execution of his office he did the acts complained of, using no more force than was necessary. The plaintiff, in his reply, might have demurred to this answer, so as to present the issue whether the answer was sufficient in law as a justification; but instead of this he simply denied the truth of the answer, thus admitting its sufficiency in law. The District Court found both the complaint and answer true. The issue, therefore, was in fact found for the defendant, although judgment was rendered for the plaintiff to recover fifty dollars damages, and forty-nine dollars and ninety-four cents costs.

. In reaching such a result the court either assumed that the answer, though true, was insufficient in law, thus giving the plaintiff the benefit of an issue he did not raise, and also the benefit of both a traverse and demurrer to the same facts at the same time, which, under the Practice Act, he could not have had even if asked for, or else the judg-

ment was based on facts not involved in the pleadings. In either view there was manifest error.

But it may be suggested that the record shows that no injustice was done the defendant, because if he did not present the plaintiff within a reasonable time after the arrest before some proper court or magistrate for trial, as required by General Statutes, p. 34, sec. 3, he could not justify the arrest at all, and so the judgment, if technically wrong, was actually right, and should not be disturbed. Had the facts referred to been put in issue and found by the court, the principle involved in the suggestion might have been applicable to save the plaintiff his judgment; but no such facts were found, and furthermore the finding is explicit that "no evidence was offered on this point, either on the one side or the other, excepting only that the plaintiff stated that on the next day after his arrest he waited around all day long expecting they would try him for the offence, but they did not bring him to any trial and he went home."

It will be noticed that the court avoided finding that this somewhat remarkable statement was true in fact; but even if true, it is not equivalent to a finding that the officer neglected his duty, for the omission of a trial might have been owing to the act of some informing officer, the magistrate, or even the plaintiff himself.

But it is further suggested that the District Court presumed the officer to have been in fault because he did not introduce evidence to show positively that he presented the plaintiff before some proper court or magistrate. In this view, however, we think there was a further error, for it appearing that the arrest was lawful, in the absence of further evidence it would be presumed that the defendant, as a public officer, had done his entire duty in the matter. *Booth* v. *Booth*, 7 Conn., 350; *Ives* v. *Lynn*, 7 id., 505; *Gregory* v. *Brooks*, 37 id., 372; *Clark* v. *Lyman*, 10 Pick., 47; *Wood* v. *Morehouse*, 45 N. York, 368; *Lord Halifax's Case*, Bull. N. P., 298.

There was error in the judgment of the Superior Court in sustaining the judgment of the District Court.

In this opinion the other judges concurred.