HAYDEN A. WHITING *vs.* HERMANDINE C. M. KOEPKE.

Third Judicial District, New Haven, June Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Facts found but not averred cannot be made the basis of a recovery.
In a suit to foreclose a builder's lien the complaint alleged that the services and materials were furnished under an agreement with the defendant to pay the plaintiff therefor ; and this allegation was denied. The trial court found that the only agreement was one between the plaintiff and defendant's husband, to which the defendant, during the progress of the work, consented. *Held* that inasmuch as the consent thus found was not averred in the complaint, a judgment for the plaintiff, based thereon, was erroneous.

Argued June 14th—decided July 26th, 1898.

ACTION to foreclose a mechanics lien and for damages,

brought to the Court of Common Pleas in New Haven County and tried to the court, *Hubbard, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *Error and judgment reversed.*

The complaint, after stating that the defendant was the owner of a lot of land in the town of Hamden on which was a house, alleged that "the plaintiff furnished materials and rendered services in the construction and repair of said house, under an agreement with the defendant, made October 27th, 1896, when the defendant owned said land, by which agreement the plaintiff was to build the foundation walls of said house and place the house upon them, and the defendant was to pay him a reasonable sum therefor on its completion. Said materials and labor so furnished were reasonably worth $350." All these allegations were denied by the defendant. The trial court rendered judgment for the plaintiff, and the defendant appealed to this court.

So much of the finding as presents the questions raised, is as follows: "1. In October, 1896, the defendant's husband owned a piece of land near Lake Whitney, in the town of Hamden, with a dwelling-house thereon. 2. Subsequently, in the same month of October, the defendant's husband sold said land to the New Haven Water Company, reserving to himself the title to the house, which he was to remove before the seventh day of November following. 3. About the same time the defendant bought two lots on Whitney Park, so-called, in said town of Hamden, about 1,500 feet distant from the land referred to in paragraph 1. 4. A little later, and in the same month of October, the defendant's husband had a conversation with the plaintiff with reference to employing the plaintiff to dig a cellar on said land of defendant, building foundation walls, and moving and locating thereon said house, all necessary materials to be furnished by the plaintiff; and it was understood between them, the plaintiff and the defendant's husband, that the plaintiff should figure out the cost of such work and materials, and inform the defendant's husband. 5. Afterwards, on or about Octo-

Whiting *v.* Koepke.

ber 27th, 1896, the plaintiff met the defendant's husband and reported that he could perform the work and furnish the materials required for $250 or $300. The defendant's husband then changed somewhat his plan relating to the dimensions of the cellar and foundation walls, and plaintiff stated that with such changes the cost would somewhat exceed $300. The plaintiff was thereupon instructed by the defendant's husband 'to go ahead with the work, and do it as cheaply as he could.' 6. In pursuance of said agreement the plaintiff dug the cellar, laid the foundation walls, and moved and located said house thereon, the entire work occupying about ten days. . . . 11. The defendant had no direct participation in the negotiations between her husband and the plaintiff already referred to, and when the contract was made, as stated in paragraph 5, she was absent from the State, returning within a few days. . . . 22. Upon the foregoing facts I find that while the work of digging the cellar and building the foundation walls was in progress, the defendant consented to the agreement made by her husband and the plaintiff, referred to in paragraph 5 of this finding."

*George E. Hall,* for the appellant (defendant).

*Warren H. Bristol,* for the appellee (plaintiff).

ANDREWS, C. J. The only ground alleged in the complaint by reason of which the plaintiff sought to have his lien foreclosed, was that he had rendered services and furnished materials upon an agreement with the defendant that she would pay for the same. That agreement is not proved. The plaintiff now claims that his lien may rightfully be foreclosed, because a consent by the defendant was found by the trial court. But that consent was not averred. That is to say, in brief, the ground of recovery averred is not proved; the ground of recovery found is not averred. When the facts upon which the court in any case founds its judgment are not averred in the pleadings, they cannot be made the basis for a recovery. *Atwood* v. *Welton,* 57 Conn. 514. Under the Practice Act the right to recover rests upon and is

limited by the facts alleged in the complaint. *Powers* v. *Mulvey*, 51 Conn. 432, 433; *Donovan* v. *Hartford Street Ry. Co.*, 65 id. 201, 213; *Greenthal* v. *Lincoln, Seyms & Co.*, 67 id. 372; *Moran* v. *Bentley*, 69 id. 392; *Shepard* v. *New Haven & N. Co.*, 45 id. 54.

There is error and the judgment is reversed.

In this opinion the other judges concurred.