ANNIE C. CUNNINGHAM *vs.* JOHN H. CUNNINGHAM.

Second Judicial District, Norwich, May Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Under General Statutes, § 3318, as amended by Chap. 88 of the Public Acts of 1893, a wife whose husband neglects to support her may bring an action against him and secure an order of court requiring him to contribute a reasonable sum towards her maintenance.

If the relief particularly demanded in the complaint is a gross sum by way of an allowance or alimony, and not an order for periodical payments according to the plaintiff's needs, as contemplated by the statute, the defect is purely formal and can be taken advantage of only by demurrer. Nor is it necessary that the complaint should expressly count upon the statute.

The husband's property may be attached in such action.

An error of the court caused by overlooking a statute to which neither party adverted, is nevertheless the subject of review on appeal.

Argued June 1st—decided August 1st, 1899.

SUIT by a married woman to compel her husband, who had deserted her, to provide her and their minor child with suitable support, brought to the Superior Court in New London County and tried to the court, *Robinson, J.,* upon the defendant's demurrer to the substituted complaint; the court sustained the demurrer and rendered judgment for the defendant, and the plaintiff appealed for alleged errors in the rulings of the court. *Error.*

The original complaint alleged a desertion, five months after marriage, and a neglect to provide the plaintiff with the

necessaries of life, though the defendant is worth $50,000. The claims for relief were for $20,000 damages, and, by way of equitable relief, an order compelling him to make due provision for her support. The writ was one of attachment. An attachment was made, and a bond for $9,200 substituted.

Afterwards a substituted complaint was filed, containing new matter, and with these additional allegations: A child has been born since the desertion; the defendant has given notice by newspaper advertisement warning all persons not to trust the plaintiff; she has no means or credit, and is in poor health, and unable to support herself and her child; the defendant has an income of $5,000 a year; since she brought the suit he has conveyed away all his property to avoid legal process and prevent it from being applied to the support of his wife or child, and with like purpose has left the State for parts unknown.

The claims were for equitable relief as follows: (1) that a provision for her maintenance, adequate for her support and that of the child, be made, of not less than a third of his property; (2) that such fund be placed in trust for said purpose; and (3) for any other relief that might seem proper.

To this substitute complaint the defendant demurred, on the ground that, it not being one for a divorce with alimony, no cause of action was disclosed.

*Solomon Lucas* and *Gardiner Greene*, for the appellant (plaintiff).

*William H. Shields*, for the appellee (defendant).

BALDWIN, J. Under General Statutes, § 3318, as amended by the Public Acts of 1893, p. 250, Chap. 88, it is provided that " when any person shall become poor and unable to support himself or herself and family, and shall have relatives in the degree of husband, father or mother . . . who are able to provide such support, it shall be provided by them; and if they shall neglect to provide it, the selectmen of the town or the wife of such husband or any of such relatives

may bring a complaint therefor to the Superior Court of the county in which such poor person resides, against any of such relatives able to provide; which court may order the defendant to contribute to such support from the time of serving such complaint, such sum as may be reasonable and necessary, and may issue execution monthly or quarterly for the same, which, when collected, shall be paid to said selectmen or to said wife for that purpose as the court may order. And when such complaint is brought by the selectmen or wife, the court or any judge thereof, in vacation, may require the defendant to become bound with sufficient surety to such town or wife to abide such judgment as may be rendered on said complaint."

This statute is a remedial one, and to be liberally construed. The "substitute complaint" comes within its terms, and the plaintiff was entitled to an order directing a reasonable contribution towards her support and that of her infant child.

That she described the relief she claimed as equitable, if a defect, was purely a formal one, to be taken advantage of only by a demurrer to the claims. *Norwalk* v. *Ireland,* 68 Conn. 1, 5. The same considerations meet the point pressed by the defendant, that the relief particularly sought is a gross sum by way of a settlement, or alimony, and not an order for payments from time to time according to the plaintiff's needs.

Nor was it necessary that her complaint should count particularly on the statute. *Griswold* v. *Gallup,* 22 Conn. 208.

"Attachments may be granted upon all complaints containing a money demand against the estate of the defendant." General Statutes, § 893. The wife, being authorized to sue, was authorized to attach. She procured an attachment, and it was dissolved, two years before her "substitute complaint" was filed, by the substitution of a bond, under General Statutes, § 929. The condition of such a bond is to pay the judgment that may be recovered, to an amount not exceeding that of the bond nor the interest of the defendant in the estate attached. General Statutes, § 933. While the bond now in question was given to get rid of the plaintiff's attachment, it is directed to the same end, so far as she is concerned,

as one required by order of court under the Act of 1893. The plaintiff therefore had both a good cause of action and security for its due enforcement, at the time when judgment was rendered against her.

It is urged that the Act of 1893 was not brought to the attention of the court below, nor in any way relied upon by the plaintiff. It was, however, the law of the land, which the parties and the court were conclusively presumed to know. Errors arising from an absence of actual knowledge in such a case are always the subject of review. *Fourth National Bank* v. *Francklyn*, 120 U. S. 747, 751.

The view which we have taken of the statutory remedy makes it unnecessary to inquire whether any could be afforded under the principles of modern equity jurisprudence.

There is error.

In this opinion the other judges concurred.