TOWN OF FAIRFIELD vs. THE TOWN OF NEWTOWN.

Third Judicial District, New Haven, January Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Under our statutes relating to the support of paupers (General Statutes, Rev. 1902, §§ 2476, 2485, 2487), the neglect of the selectmen of the town supporting a pauper, to give notice of his condition to the town to which he belongs, prevents a recovery from the latter only for such portion of the expense as was incurred after such selectmen "knew" to what town the pauper did belong.

Such knowledge will, however, be imputed to the selectmen as soon as they have ascertained facts which, as matter of law, indicate the town to which the pauper belongs, although they may still believe he belongs to some other town ; since they are conclusively presumed to know the law applicable to such facts.

A question of law necessarily involved and erroneously decided by the trial court in its judgment, may be made the basis of an appeal,

although the losing party did not expressly raise the precise point in the lower court.

Argued January 22d—decided March 4th, 1903.

Action to recover for the support of a pauper, brought to the Court of Common Pleas in Fairfield County and tried to the court, *Scott, Acting-Judge;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *Error and cause remanded for entry of judgment for plaintiff.*

The case is sufficiently stated in the opinion.

*Elmore S. Banks,* for the appellant (plaintiff).

*Frank M. Canfield,* for the appellee (defendant).

HALL, J. The selectmen of the plaintiff town furnished support for one Stilson, a pauper over fourteen years of age belonging to the defendant town, from December 22d, 1899, continuously until April 10th, 1901, at an expense of three dollars a week.

From information received from said Stilson and from the selectmen of Newtown and others, the selectmen of Fairfield believed that Stilson belonged to the town of Easton, and in April, 1900, a suit was instituted by the plaintiff against the town of Easton, in which action the plaintiff claimed that Stilson belonged to that town, and that it was liable for the support so furnished him by the plaintiff.

The selectmen of Fairfield did not obtain knowledge of the facts necessary to determine the liability of the defendant until March 29th, 1901, when the court to which said action was brought made a finding of all the facts bearing upon the question of the settlement of said Stilson in the town of Easton. Upon the facts thus found the selectmen of Fairfield still believed that by law the town of Easton and not the defendant was liable for the support of Stilson, until they learned, on the first of June, 1901, that this court, upon the reservation of said case against the town of Easton, had advised otherwise.

On June 3d, 1901, the selectmen of Fairfield gave due notice in writing to the town of Newtown of the condition of said Stilson, that he had been furnished support by the town of Fairfield, and that the town of Newtown was liable therefor, and thereafter brought the present action.

It is not claimed that prior to March 29th, 1901, the plaintiff's selectmen had such knowledge of the town where Stilson belonged as made it their duty to give to the defendant the notice required by § 2485 of the General Statutes of 1902, in order to enable the plaintiff to recover of the defendant under § 2487 (Rev. 1902), the expense incurred for support furnished to Stilson before that date. On that day, however, they learned from the finding of the court that prior to July, 1895, the domicil and residence of Stilson had been in Newtown, and ascertained all the facts upon which it was claimed by the plaintiff, and also by the town of Newtown, that after that date he had gained a settlement in Easton. *Fairfield* v. *Easton*, 73 Conn. 735. They are conclusively presumed to have known the law, which, applied to such ascertained facts, showed that Stilson had not acquired a settlement in Easton, and that he therefore still belonged to the town of Newtown. *Stow* v. *Converse*, 3 Conn. 325, 347; *Bestor* v. *Hickey*, 71 id. 181, 188. It became their duty, therefore, to give notice to the defendant within five days after March 29th, in order to enable them to hold the defendant liable for such support as they might thereafter furnish to Stilson. That they still believed that Stilson had gained a settlement in Easton, after learning the facts, furnished no excuse for their delay in giving notice to the defendant until that question had been decided by this court. They delayed giving such notice at their own risk. If, after a knowledge of the facts, there existed a doubt as to which of the two towns was liable for support so furnished, the safe course would have been to notify both.

But the failure of the plaintiff to give the required notice until June 3d did not relieve the defendant from liability for the support furnished Stilson before the plaintiff had

knowledge that he belonged to Newtown. ° The statute imposed no duty upon the plaintiff's selectmen to give such notice before they became chargeable with such knowledge.

Section 2476 (Rev. 1902) provides that paupers shall be supported at the expense of the town where they belong; and § 2485 (Rev. 1902) that the selectmen of every town, in which a pauper belonging to another town is chargeable, shall give notice of his condition to the town in which such pauper belongs, within five days after they shall know to what town he belongs, and that "when the selectmen have knowledge of the town where such pauper belongs, such town shall not be liable for any expense for the time during which there was a neglect to give such notice." Section 2487 (Rev. 1902) provides that "every town incurring any necessary expense pursuant to § 2485 . . . for a pauper belonging to another town, may recover it from such town."

As there was no neglect to give notice until the expiration of five days after March 29th, the defendant is only relieved from liability for the expense of the support of Stilson after that time.

The claim that the defendant was liable under the statute for support furnished before there was any neglect by the plaintiff to give the required notice, apparently was not expressly made by plaintiff's counsel in the argument in the trial court, but the question was necessarily decided by that court in sustaining the claim of defendant's counsel that there was no liability upon the part of the defendant, and in rendering judgment in favor of the defendant. *Atwood* v. *Welton*, 57 Conn. 514, 524.

Upon the assumption that the plaintiff was chargeable with knowledge, on the 29th of March, that Stilson belonged to the defendant town, the plaintiff, in his reasons of appeal, only claims that the trial court should have rendered judgment in its favor for support furnished prior to that date. The trial court erred in not rendering such judgment.

There is error, and the case is remanded for the entry of a judgment for the plaintiff for the expense incurred in the

support of Stilson from December 22d, 1899, until March 29th, 1901, at the rate of three dollars a week.

In this opinion the other judges concurred.