## SAMUEL GOLDMAN *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, January Term, 1910.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

An upper proprietor who intercepts the natural flow of surface water by means of a ditch upon his own land, thereby preventing it from flowing onto the land of a lower adjoining owner, is not bound to maintain and keep open the ditch for the benefit of the latter, in the absence of a prescriptive right on his part.

If surface water is increased in quantity or its natural flow is altered to the damage of the lower adjoining proprietor, he may have a cause of action, provided such result is due to the wrongful act of the upper proprietor; but such cause of action is in nowise dependent upon the existence of a ditch which the lower owner has no right to have kept open for the protection of his premises; and therefore a suit to recover damages for filling up such a ditch must fail.

A prescriptive right to collect the surface water upon one's own land and to discharge the same, by means of culverts, upon the land of the lower adjoining proprietor, is not necessarily lost because for ten or eleven years a ditch upon land of the upper proprietor has intercepted the flow and prevented the surface water from passing to the premises of the lower proprietor.

A plaintiff's right of recovery rests upon and is limited by the facts alleged in his complaint.

A requested instruction may properly be refused which is not relevant to the evidence and claims of the parties.

Argued January 19th—decided February 3d, 1910.

ACTION to recover damages for injuries to the plaintiff's land caused by acts of the defendant in filling up a ditch within its right of way and discontinuing one of its culverts, thereby causing the water to flow upon and over the adjoining premises of the plaintiff, brought to the Superior Court in New Haven County and tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the plaintiff for $500, and appeal by the defendant. *Error and new trial ordered.*

*Leonard M. Daggett* and *Harry G. Day*, for the appellant (defendant).

*Charles F. Clarke*, for the appellee (plaintiff).

THAYER, J.   The plaintiff's cause of action, as stated in his amended substituted complaint, is this: For more than twelve years he has owned and occupied a piece of land, containing about fifteen acres, situated in the town of Orange.   The defendant owns and operates a railroad the right of way of which adjoins the plaintiff's land.   For many years, and up to about five years before this action was brought, there was, extending along and just beyond the fence line of the southeasterly boundary line of the plaintiff's land, and within the defendant's right of way, a ditch about one thousand five hundred feet long, three feet wide, and two and one half feet deep, which carried away all the water which came from the defendant's right of way, the ditch being fed by the discharge of five culverts located along the right of way.   About five years before the bringing of this action the defendant allowed this ditch to become filled up with gravel, sand, and cinders, and in fact filled it up with similar accumulations, and likewise caused one of the culverts to be discontinued. As a result thereof the water which came through three of said culverts, and which was carried off by the ditch, and the water which hitherto passed through the fifth culvert, was forced and caused to flow in and upon the land of the plaintiff, causing the injury complained of. All of the injuries complained of were alleged to have been committed by the defendant without legal authority or right, and in violation of and against the rights of the plaintiff, and without his consent.

The answer is a denial of all of the allegations of the complaint.

The complaint shows that the plaintiff complains because the ditch upon the defendant's right of way adjoining his property has been filled up by the defendant, or the defendant has permitted it to become filled up, whereby water which previously passed through the ditch is now thrown upon his land. It does not allege that the water now flows upon his land in any different quantity, or in any different manner, than it would naturally flow upon it if the defendant's railroad, embankments, culverts, and ditch had never been constructed.

The plaintiff offered evidence, without objection so far as appears, to prove, and claimed to have proved, that the land southerly from his land across the defendant's right of way, and for upward of a mile south of the right of way, has a considerable slope toward his land; that a natural drainage of a considerable area to the south of the railroad is toward his land; that the land is somewhat swampy; and that the embankment upon which the defendant's railroad track is laid, which is about two feet in height above the surface of the adjoining ground, serves to hold back and collect the water to the south of it, which, afterward discharged through the culverts mentioned, was formerly carried away by the ditch mentioned in the complaint, but is now carried directly upon the plaintiff's land. He also proved, and it was admitted, that the railroad was built in 1868, and that all the culverts were constructed at that time. The defendant offered evidence to prove, and claimed to have proved, that the ditch for the discontinuance of which the action is brought was dug in 1892.

The court instructed the jury, in substance, that if they should find that the defendant collected the water as claimed by the plaintiff, and discharged it upon his land by the culverts in a materially different quantity, or in a materially different manner, than it would come

upon it naturally, and that the water was formerly carried away by a ditch located upon the defendant's right of way north of its track, so that it did not overflow the plaintiff's land, and that five years ago this ditch was filled by the defendant, or permitted to become filled, and thereby water was caused to overflow upon the plaintiff's land, and damage resulted therefrom, their verdict must be for the plaintiff.

This portion of the charge could not be justified had the issue thereby presented to the jury been before them upon the pleadings. Between 1868, when the embankment and culverts were built, and 1892, when, it is claimed, the ditch was dug, sufficient time had elapsed for the defendant to acquire by prescription the right to maintain such embankment and culverts, and to thereby change the manner and the quantity of the flow of the water from the adjacent watershed to and upon the plaintiff's premises. If it had acquired this right—and from its requests to charge it would appear that it claimed to have done so, if its embankment and culverts caused an unnatural flow of water upon the plaintiff's land—the fact that the ditch had for ten or eleven years subsequent to 1892 interrupted such flow of water upon the plaintiff's land would not give the plaintiff the right to have the ditch continued upon the defendant's land, nor deprive the defendant of its acquired right to discharge the accumulated water upon the land of the plaintiff. The plaintiff, under such circumstances, would have no cause of action against the defendant for carrying the collected water through the culverts upon his land, without proof that it had lost its right to do so; yet under the charge he might recover without such proof, even though the jury should be of the opinion that the culverts had been maintained under a claim of right for more than fifteen years.

But the complaint presents no case for a recovery for wrongfully causing the water to flow upon the plaintiff's land in manner or quantity different from its natural flow. If the defendant is wrongfully doing this, the plaintiff has a cause of action, regardless of the former existence of the ditch or its present obstruction. But, to recover, his complaint must contain allegations setting forth such a cause of action. The present one does not contain these. The wrongful act here complained of is the filling up of the ditch, which, as the complaint shows, diverted from the plaintiff's land not only the accumulated water collected by the culverts, but all the water coming from the right of way. The ditch merely prevented injury to the plaintiff from the defendant's act in causing an unnatural flow of water through the culverts. To render the discontinuance of the ditch wrongful, the plaintiff must show a right to have it remain open. This he could not do by showing that the defendant, by its embankment and culverts, is wrongfully causing an unnatural flow of water upon his land. The defendant might remedy this in some other way than by continuing the ditch.

The plaintiff's right to recover rests upon, and is limited by, the facts alleged in his complaint. *Powers* v. *Mulvey,* 51 Conn. 432, 433, 434. The charge permitted him to recover upon facts, proved, perhaps, but not alleged in the complaint. The defendant justly complains of this as erroneous. Facts proved, but not averred, cannot be made the basis of a recovery. *Whiting* v. *Koepke,* 71 Conn. 77, 79, 40 Atl. 1053; *Stein* v. *Coleman,* 73 Conn. 524, 529, 48 Atl. 206.

It is unnecessary to consider the further objection to this portion of the charge, in which the jury were somewhat fully instructed as to the liability of a proprietor who collects surface-water upon his premises and dis-

charges it by artificial means upon the land of his neighbor. It is claimed that undue emphasis was given to this part of the charge and that it was confusing to the jury. We think that the substantial objection to this part of the charge is the one already considered.

So far as appears from the finding there was no claim on the part of the plaintiff, and no evidence which would warrant the jury in finding, that the ditch was filled up more than five years before the action was commenced. There was no occasion, therefore, to give the requested instruction with respect to the statute of limitations, and it was properly refused.

The defendant's last request, so far as it was a correct statement of the law, was complied with.

The other requests, which were refused, seem to have contained statements of fact which rendered them objectionable in the form in which they were presented, and justified a refusal to give them to the jury.

We think that the question which was asked of the witness Weaver and excluded, was, in view of the claim of the defendant that no change had been made in the natural flow of the water, admissible as tending to prove what the course of the natural flow of the water was; but as the claims of the parties to the jury at the close of the trial agreed as to the natural course of such flow, the defendant was not harmed by the exclusion of the evidence.

There is error in the charge and a new trial is ordered.

In this opinion the other judges concurred.