In re DAYTON COAL & IRON CO., Limited.

(District Court, E. D. Tennessee. November 23, 1916.)

Nos. 1598, 1600.

BANKRUPTCY ☞273—FUNDS OF BANKRUPT—DEPOSIT.

Bankr. Act July 1, 1898, c. 541, § 61, 30 Stat. 562 (Comp. St. 1913, § 9645), requires courts of bankruptcy to designate banking institutions depositaries of funds of bankrupt estates and to require bonds for the safekeeping and forthcoming thereof. Section 47a (3) (Comp. St. 1913, § 9631) makes it the duty of a trustee to deposit all money received by him in one of the designated depositaries, while General Order 29 (32 C. C. A. xxviii, 89 Fed. xii) prescribes the method of withdrawals. *Held,* that such provisions are mandatory, and in the absence of consent of the creditors the trustee cannot deposit funds belonging to the bankrupt estate as savings accounts in the authorized depositaries; the bonds given semble, not extending to such deposits, even though interest was paid on such savings deposits and the estate increased in that manner.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 347.]

In Bankruptcy. In the matter of the bankruptcy of the Dayton Coal & Iron Company, Limited. On request by referee for ruling as to deposit of funds belonging to the estate of the bankrupt. Ruling given.

J. M. Trimble and Frank Spurlock, both of Chattanooga, Tenn., for trustee.

Sizer, Chambliss & Chambliss, of Chattanooga, Tenn., for bondholders and others.

Cooke, Swaney & Hope, of Chattanooga, Tenn., for Southern Ry. Co.

SANFORD, District Judge. The summarized statement filed by the referee in bankruptcy on January 25, 1917, in accordance with section 2 of Standing Order No. 6 in reference to the deposit of moneys of bankrupt estates, shows that the trustee herein, without any order directing or authorizing him to do so, has since last February had on deposit in the savings department of the First National Bank, the regular depositary of the money of the bankrupt estates, and the Hamilton National Bank, heretofore designated as a special depositary for the moneys of the bankrupt estate which were on deposit with it at the time of the adjudication in bankruptcy, large sums of money for which the banks have been monthly paying interest at four per cent. per annum, thereby increasing the funds to December 31, 1916, by $4,188.48. On December 31, 1916, said savings account in the First National Bank aggregated, with interest, $63,177.69, and said savings account in the Hamilton National Bank $61,315.43. The referee states in his certificate that he was not aware of this arrangement until comparatively recently, and while he is pleased to see the estate increased by these interest payments, he knows of no law authorizing bankruptcy funds to be deposited at interest, and in view of the fact that it will be some time before the funds in this cause can be disbursed he requests a ruling by the District Judge in reference to this matter.

It furthermore appears from said certificate that the checking account on deposit in the First National Bank on December 30, 1916, in all cases other than this one, aggregated $19,225.25, so that the total amount in said Bank, including the general checking account and the savings account in this cause, aggregated $82,402.94, or $32,402.94 more than the aggregate of the general depositary bonds of the said Bank then in force. And while the funds deposited in the checking account in the Hamilton National Bank in this cause were only $852.-17, so that the total amount in said Bank on said date in this cause, in both the checking and savings account was less than the amount of its bond as a special depositary, it is not altogether clear that either the general bonds of the First National Bank or the special bond of the Hamilton National Bank cover anything more than the regular deposits on checking account, or include the savings account, which, if not subject to check, might well be regarded as loans merely, rather than as deposits.

Regardless of this question, however, it is entirely clear that under the provisions of the Bankruptcy Act in reference to the deposit of money of bankrupt estates, the placing of funds by the trustee in these two banks in special interest-bearing savings account instead of depositing them in a general checking account, was unauthorized.

In Huttig Mfg. Co. v. Edwards (8th Circ.) 160 Fed. 619, 622, 87 C. C. A. 521, 524, in which it was held that the District Court had no authority, without consent of the parties, to direct the withdrawal of bankruptcy funds from a regular depositary for the purpose of being deposited in a national bank at interest, the court, in an opinion concurred in on this point by all three of the Circuit Judges, although Judge Sanborn dissented as to another matter, said:

"Section 61 of the Bankruptcy Act (July 1, 1898, c. 541, 30 Stat. 562, U. S. Comp. St. 1901, p. 3446) makes it the duty of courts of bankruptcy to designate by order banking institutions as depositaries of funds of bankrupt estates, and to require of them bonds for the safe-keeping and forthcoming thereof. * * * Section 47a (3) (30 Stat. 667, U. S. Comp. St. 1901, p. 3438) makes it the duty of a trustee to deposit all money received by him in one of the designated depositaries, and general order 29 (32 C. C. A. xxviii, 89 Fed. xii) prescribes the method of withdrawals. These provisions of the act and the general order are mandatory in form, and were designed to insure the safety of the funds rather than an increment by way of interest while they were idle. The funds were those of litigants and the risk which always attends the making of profit should not be incurred unless the right is clear. Doubtless consent by all parties interested would justify a departure from the prescribed rule. Rev. St. § 5504 (U. S. Comp. St. 1901, p. 3710). But such consent was not obtained."

I entirely concur in the views expressed in this opinion, and accordingly direct that the referee forthwith call a meeting of creditors to which this matter shall be presented, and that unless the action of the trustee is ratified by creditors and provision made, with their consent, for the deposit of funds in these Banks on special savings account, upon such security as may be agreed to by the creditors, the referee forthwith direct the trustee to withdraw the funds in question from these savings accounts and deposit them on checking account in the usual way in said depositaries, depositing in the Hamilton Na-

tional Bank such sum as it may be entitled to receive under its special designation as a depositary in this cause, and the remainder in the First National Bank, the regular depositary. And in the event the amount thus deposited in the First National Bank shall cause the deposits in said Bank to exceed the amount of its bonds now in force, the referee will forthwith file with the clerk for transmission to the judge of the court, a certificate of such fact, as required by clause 2 of Standing Order No. 6, in order that the bonds of said depositary may be appropriately increased to cover its total deposits, in accordance with the provisions of section 61 of the Bankruptcy Act.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes