## CLARA SCHMIDT *vs*. THE TOWN OF MANCHESTER.

First Judicial District, Hartford, March Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

In an action for a personal injury alleged to have been caused by a defective highway, the written notice to the town, dated October 2d, 1915, stated that the plaintiff, while walking along the sidewalk or side path on the north side of Hartford Road near the James Loomis place, so-called, on Tuesday evening, September 28th, stepped into a gully, which, as the plaintiff had been informed, had existed at that place for several months, and fell down, suffering severe sprains and breaking one or more of the ligaments of her foot. Upon a demurrer to this notice it was *held:*—

1. That the place, cause, and nature of the injury were sufficiently described, and that the statement as to the time, while not full and complete, was not so indefinite as to render it absolutely invalid, especially when read, as it must be, in connection with the date at the head of the notice.

2. That in determining the legal sufficiency of the notice, it was essential to consider the Act of 1917 (Chap. 66), which provides that certain unintentional inaccuracies, unless misleading, shall not invalidate the notice.

Courts take judicial notice of the coincidence of the days of the week with the days of the month, and of the latter with those of the year, and may refer to an almanac for this purpose.

Judicial notice takes the place of proof, and as a means of establishing facts it is superior to evidence.

An error of the trial court, due to overlooking a material statute, is sub-
    ject to review upon appeal, although the Act was not referred to by
    either party during the trial; for the court and also the litigants
    are conclusively presumed to know the law.

Argued March 7th—decided April 30th, 1918.

ACTION to recover damages for personal injuries al-
leged to have been caused by a defective highway,
brought to the Superior Court in Hartford County
where a demurrer to the complaint because of the in-
sufficiency of the notice was sustained (*Burpee, J.*),
and judgment was afterward rendered for the defendant
(*Gager, J.*), from which the plaintiff appealed. *Error
and new trial ordered.*

*Herbert O. Bowers*, for the appellant (plaintiff).

*Olin R. Wood* and *Alexander Arnott*, for the appellee
(defendant).

RORABACK, J. The complaint in this case was de-
murred to upon the ground that it appeared that no
sufficient notice descriptive of the plaintiff's injuries, and
of the time, place and cause of their occurrence, was
given as required by § 2020 of the General Statutes as
amended by Chapter 168 of the Public Acts of 1909.
The notice in question, signed by the plaintiff, reads as
follows:—

"South Manchester, Conn., Oct. 2, 1915.

Town of Manchester,
    South Manchester, Conn.

I hereby give you notice that on Tuesday evening,
September 28th, while walking along the sidewalk or
sidepath on the north side of Hartford Road near the
James Loomis place, so called, I stepped into a gully
which I am informed has been in existence at that place

for several months, and sustained a fall. By reason of the fall I suffered severe sprains and one or more of the ligaments of my foot were broken. I am now under the care of Dr. Rice. I intend to claim damages therefor."

We may assume that there was but one sidewalk on the north side of the Hartford Road; therefore the notice necessarily implies that the place of the accident was upon the sidewalk on the north side of this Hartford Road. After this follows the statement that the plaintiff was injured near the James Loomis place. It does not appear that there was another person by that name thereabouts. The defect is described as a gully in the sidewalk which, it is indirectly stated, had been in existence for several months. Such a defect could have been easily identified, unless we are to assume that there were several such defects in that immediate vicinity. Thus we have the four facts which identify the place of the injuries, the name of the road, the side of this road, that it was near the residence of a certain individual, and a gully in the walk which had been in existence for months. This indicates clearly enough the place of the accident.

Counsel for the defendant contend that the cause of the accident is not stated in the notice with reasonable clearness. The substance of the statement upon this subject is that the plaintiff was injured by stepping into a gully in the sidewalk by reason of which she sustained a fall. These facts were sufficient to direct the attention of the town with reasonable certainty to the cause of the accident so that an intelligent investigation could be made by the officers of the town. This satisfied the spirit and purpose of the statute. *Delaney* v. *Waterbury & Milldale Tramway Co.*, 91 Conn. 177, 182–184, 99 Atl. 503.

The notice attacked states that as a result of the accident the plaintiff suffered severe sprains, one or

more of the ligaments of her foot were broken, and that she was under the care of Dr. Rice. The defendant urges that this part of the notice is vague and uncertain. The purpose of such a notice is not to allege all the circumstances necessary to support an action, but to give to the municipality a general description of the injuries complained of. This has been done in the present case. *Cassidy* v. *Southbury*, 86 Conn. 45, 49, 50, 84 Atl. 291.

The notice is not full and complete as to the time of the accident, but not so indefinite as to render it absolutely invalid. It is dated October 2d, 1915, which was Saturday. It is stated that the plaintiff was injured on Tuesday evening, September 28th. An examination of the calendar shows that September 28th, 1915, was Tuesday. The notice should be interpreted as a whole, and when this is done its natural and ordinary meaning is that it related to an occurrence which happened four days before the date of the notice. Judicial notice takes the place of proof, and as a means of establishing facts it is superior to evidence. Thayer's Cases on Evidence (2d Ed.) 20, 21. Courts take cognizance as to the coincidence of the days of the week with the days of the month, and of the days of the month with those of the year, and an almanac may be referred to in this connection. 1 Chamberlayne on Evidence, §§ 704, 727. When this notice is so considered in its entirety, it is hardly conceivable that any person in the exercise of ordinary care and intelligence could have been misled as to the date of the accident because the notice failed to directly state that it occurred in 1915. In reaching the conclusion that this notice was not defective, we have considered a statute relating to this subject, enacted in 1917, which contains these provisions: "No notice given under the provisions of this section [General Statutes, § 2020] shall be held invalid or insufficient by reason of an inaccuracy in describing the injury, or in stating the

time, place or cause of its occurrence, if it appear that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." Public Acts of 1917, Chap. 66. This Act applied to pending cases and took effect upon its passage, which was March 28th, 1917. The record discloses that the decision by the court below upon the demurrer interposed by the defendant was rendered July 17th, 1917, about four months after this statute took effect. This Act, although retroactive, did not affect rights, but did embrace the mode of redress. The latter may properly be kept open for modification by statute. *Atwood* v. *Buckingham*, 78 Conn. 423, 426–429, 62 Atl. 616; *Hubbard* v. *New York, N. H. & H. R. Co.*, 70 Conn. 563, 565, 40 Atl. 533.

It does not appear that the Act of 1917 was brought to the attention of the Superior Court, nor that it was relied upon by the plaintiff. "It was, however, the law of the land, which the parties and the court were conclusively presumed to know. Errors arising from the absence of actual knowledge in such a case are always the subject of review." *Cunningham* v. *Cunningham*, 72 Conn. 157, 160, 44 Atl. 41; *Fourth National Bank* v. *Francklyn*, 120 U. S. 747, 751, 7 Sup. Ct. 757, 30 L. Ed. 825.

The omission to state in the body of the notice the year when the accident occurred does not warrant the defendant's claim that the notice was absolutely defective on this account. When the notice is read as a whole, as it should be, it cannot be fairly said that it now appears that there was any intention to mislead the town as to the time when this accident occurred, or that the town was in fact misled thereby.

There is error and a new trial is ordered.

In this opinion the other judges concurred.