## G. & H. INVESTMENT COMPANY vs. ELY RAYMOND.

Third Judicial District, New Haven, June Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 2d—decided June 22d, 1931.

*Israel J. Cohn,* for the appellant (plaintiff).

*James C. Shannon,* with whom was *Henry E. Shannon, Jr.,* for the appellee (defendant).

PER CURIAM. The plaintiff in its complaint alleged that it was the owner of four promissory notes which had been indorsed by the defendant, were past due and not paid. In the first paragraph it referred to the notes as "hereto attached and made a part of this complaint." While copies of the notes do not seem to have been in fact attached to the complaint, the defendant, if he desired that they should be filed, could have secured an order from the court requiring this to be done. Practice Book, p. 283, § 178. There was no allegation that the notes had been presented for payment, dishonored and notice thereof given to the defendant. The answer admitted by not denying the making of the notes and the indorsement of them by

the defendant, but put in issue the plaintiff's owner-ship of them and the allegation that they were not paid; and it also contained a special defense not now material as it was not passed upon by the trial court. The court gave judgment for the defendant upon the ground that there had been no notice of dishonor given him. As a matter of fact each note contained in fine print in the middle of the paragraph printed upon its face a provision that the maker and indorser "agree to waive demand, notice of nonpayment and protest." The brief of defendant's counsel concedes that this provision was overlooked by the court and by them. They contend that the claim of the plaintiff that no notice of dishonor was necessary is now made for the first time in this court and not having been presented to the trial court should not be considered. The necessity of giving notice to the defendant was not put in issue by the pleadings. The complaint, read with the notes which were made a part of it and contained an express waiver of notice, stated a good cause of action without any allegation of notice of dis-honor to the defendant and the answer did not raise the issue. The record, indeed, indicates that no such issue was in fact contested. The plaintiff can hardly be prevented from making a claim now which it does not appear it had any occasion to raise until judgment adverse to it had been entered by the trial court. And even though no claim was made to the trial court that the giving of notice of dishonor was waived by the terms of the note, we are not debarred from consider-ing it, and there is abundant reason to do so where, by oversight, a judgment has been entered contrary to the law applicable under the plain terms of the written instruments which lay at the basis of the case and which both parties must be presumed to know, and upon an issue not raised by the pleadings. *Cun-*

*ningham* v. *Cunningham*, 72 Conn. 157, 160, 44 Atl. 41; *Schmidt* v. *Manchester*, 92 Conn. 551, 555, 103 Atl. 654.

There is error, the judgment is set aside and a new trial ordered.