FRANK A. LEARY *v.* CITIZENS AND MANUFACTURERS NATIONAL BANK.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

476

Argued December 4, 1941—decided January 9, 1942.

*Frank T. Healey,* for the appellant (defendant).

*Benjamin Slade,* for the appellee (plaintiff).

BROWN, J.   The plaintiff alleged that on May 13, 1941, the bankrupt estate of the Eastern Brewing Corporation by its duly authorized officials made its

check of that date for $1498.33, directed it to the defendant bank named therein, thereby required the defendant to pay this amount to Daniel J. Leary as payee thereof or order, and delivered the check to the payee; that the payee by Sadie D. Leary, his duly authorized attorney in fact, indorsed and delivered it to the plaintiff who became and is the lawful owner thereof for value; that the check was duly presented for payment to the defendant bank, payment was demanded and refused, and the check is still unpaid; and that the defendant at all times had sufficient funds of the maker of the check in its hands to pay it, but refused and neglected to do so. By its answer the defendant admitted the making of the check as alleged, and denied the other allegations. The court found all of the facts as alleged in the complaint. It further found that the defendant neither accepted nor certified the check, and that at the trial the defendant offered no evidence and neither then nor later made any claims of law respecting the judgment to be entered. The court concluded that the defendant was liable to the plaintiff as owner and holder of the check for the amount thereof with interest, and entered judgment for the plaintiff to recover $1523.29.

Section 4506 of the General Statutes provides: "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check." The defendant's sole contention is that because of this statute, since there is no allegation in the complaint and no finding by the court that the defendant either accepted or certified this check, the court in rendering judgment for the plaintiff committed reversible error. In his brief the plaintiff has urged several reasons which, he claims, conclusively show that the defend-

ant's contention is unsound, and that the judgment should be sustained.

One of these is that by failing to raise any distinct question of law in the trial or to plead any defense other than a general denial, the defendant by implication confessed judgment, and that therefore no appeal lies because "the errors are considered as waived or released," citing 3 C. J. 603, § 448. See also 4 C. J. S. 334, § 154. The short answer to this claim is that there could be no confession of judgment where, as here, the defendant stood upon its answer and the case was tried and decided by the court. 34 C. J. 97, § 257.

Another claim of the plaintiff is that the defendant's failure distinctly to raise on the trial the claim of law contained in its assignment of errors precludes it from relief upon this appeal. Section 5689 of the General Statutes permits an appeal from the decision of the court upon any question of law arising in the trial. Section 363 of the Practice Book provides: "Errors Considered. This court shall not be bound to consider any errors on an appeal unless they are specifically assigned and unless it appears on the record that the question was distinctly raised at the trial and was ruled upon and decided by the court adversely to the appellant's claim, or that it arose subsequent to the trial." Section 157 of the Practice Book requires that in trials to the court if counsel intends to raise any question of law which may be the subject of an appeal he shall call the same distinctly to the court's attention. The plaintiff's contention rests upon these two provisions of the rules. These do not, however, preclude this court from considering questions of law which were not raised before the trial court. While we are not "bound to consider" such claims of error, and do not ordinarily do so, we have upon occasion considered a question which was not so raised, not by

reason of the appellant's right to have it determined but because in our opinion in the interest of public welfare or of justice between individuals it ought to be done. *Rindge* v. *Holbrook*, 111 Conn. 72, 75, 149 Atl. 231; *Boardman* v. *Burlingame*, 123 Conn. 646, 655, 197 Atl. 761. Accordingly we have followed this course where the error was manifest (*Riggs* v. *Zaleski*, 44 Conn. 120, 121); where an applicable statute was overlooked (*Cunningham* v. *Cunningham*, 72 Conn. 157, 160, 44 Atl. 41; *Schmidt* v. *Manchester*, 92 Conn. 551, 555, 103 Atl. 654; *Stevens* v. *Neligon*, 116 Conn. 307, 311, 164 Atl. 661; *Adley Express Co., Inc.* v. *Darien*, 125 Conn. 501, 504, 7 Atl. (2d) 446); and where the error went to a vital issue in the case (*Fairfield* v. *Newtown*, 75 Conn. 515, 518, 54 Atl. 301; *Wicks* v. *Knorr*, 113 Conn. 449, 456, 155 Atl. 816; *G. & H. Investment Co.* v. *Raymond*, 113 Conn. 778, 779, 155 Atl. 497). See Conn. App. Proc., p. 60. These situations all exist in the present case. It is undisputed that the statute was overlooked. As appears from our discussion later in this opinion of the effect of § 4506, either the certification or acceptance of the check by the defendant was essential to liability. The failure to allege either of these facts in the complaint rendered it fatally defective (*Goldman* v. *New York, N. H. & H. R. Co.*, 83 Conn. 59, 63, 75 Atl. 148; *Powers* v. *Mulvey*, 51 Conn. 432, 433; *McCune* v. *Norwich City Gas Co.*, 30 Conn. 521, 524); and the finding that the defendant neither certified nor accepted the check leaves the judgment without essential support. Consequently the error was also manifest and went to a vital issue in the case. We have, therefore, decided to consider this claim of error notwithstanding the plaintiff's contention.

Another claim of the plaintiff is that the defendant's liability to him arises from contractual relations be-

tween the depositor and the defendant bank, in that when the defendant received for deposit the funds of the maker of the check, it impliedly agreed to pay out the deposit on presentation of the depositor's checks, and that this agreement by implication of law inures for the benefit of every check holder provided there are funds in the bank and no equities have intervened. The only authorities cited by the plaintiff for a recovery by the holder as such third party beneficiary are two early Illinois cases decided before the enactment of the uniform Negotiable Instruments Act. At that time there was a conflict in the decisions upon this matter and the Illinois cases represented the minority view. The adoption of the act supplanted the doctrine there applied and this has been recognized in courts which had followed it, including Illinois. 6 Zollmann, Banks & Banking, § 3671. The matter is now controlled in this state by the provisions of the act. General Statutes, §§ 4444, 4506. *Alexiou* v. *Bridgeport-People's Savings Bank,* 110 Conn. 397, 402, 148 Atl. 374; *Bassett* v. *City Bank & Trust Co.,* 115 Conn. 1, 22, 160 Atl. 60.

Since the statute simply provides that the instrument itself shall not amount to an assignment, the check in connection with proof of other circumstances showing that such was the intention may operate as an assignment, vesting in the holder an exclusive claim to the fund. 6 C. J. S. 1109; 7 Am. Jur. 387, § 535; 6 Zollmann, op. cit., § 3675. Although no such assignment is alleged in the complaint or is found by the court in this case, a further claim made by the plaintiff is that under this principle, inasmuch as the check here was drawn to pay a creditor's dividend from the funds of a bankrupt estate and was signed by the trustee in bankruptcy and countersigned by the referee, all pursuant to the requirements of the Bankruptcy

Act [11 U. S. Code Annotated § 75(a) (3) & (4)], it constituted a draft on a special fund and therefore an effective assignment of the amount stated therein. The Bankruptcy Act requires the trustee to deposit all money received by him in a designated depository and to disburse it only by check or draft on such depository. These provisions are mandatory and are designed to insure the safety of the funds. *Huttig Mfg. Co.* v. *Edwards,* 160 Fed. 619, 622, 87 C. C. A. 521; *In re Dayton Coal & Iron Co.,* 239 Fed. 737, 738. Notwithstanding these attributes the fund upon which this check was drawn did not constitute a special fund in the sense essential to support the plaintiff's claim, for there is nothing to indicate that it was of such a nature that the giving of this check involved such a relinquishment of control over the sum designated that the bank could safely pay it, and be compelled to do so, though forbidden by the drawer, which is the sine qua non of a special fund as that term is used in this connection. *Florence Mining Co.* v. *Brown,* 124 U. S. 385, 391, 8 Sup. Ct. 531. As was said by the court in that case, an uncertified and unaccepted check "does not constitute a transfer of any money to the credit of the holder; it is simply an order which may be countermanded, and payment forbidden by the drawer at any time before it is actually cashed. It creates no lien on the money, which the holder can enforce against the bank. It does not itself operate as an equitable assignment." The same is true of this check upon which the maker could have stopped payment up to such time as it had been accepted by the bank. Upon this issue the determinative inquiry is whether an intention to transfer ownership in the fund in the hands of the drawee has been carried out so that thereafter the drawer has no further control over the fund, authority to collect, or power of revocation. *Baird* v.

*Simonstad,* 193 Minn. 79, 84, 258 N. W. 570; 6 Zoll-mann, op. cit., p. 68; and see 6 C. J. S. 1110, § 60, and 1117, § 61. No such intent appears in the case before us, while it is to be found in cases which hold that a check does constitute an equitable assignment pro tanto of a special fund. See *Manget* v. *National City Bank of Rome,* 168 Ga. 876, 149 S. E. 213; *Walters National Bank* v. *Bantock,* 41 Okla. 153, 137 Pac. 717; *Fourth Street Bank* v. *Yardley,* 165 U. S. 634, 653, 17 Sup. Ct. 439. In short, as we stated in *Bassett* v. *City Bank & Trust Co.,* supra, 22, in holding that a check did not operate as an assignment of the fund on which it was drawn, "The situation here does not satisfy the requirements of an equitable assignment."

The final claim of the plaintiff is that there was an implied acceptance by the defendant of the check which was sufficient of itself to render it liable. The unchallenged finding of the court that the defendant did not accept the check is perhaps a sufficient answer to this claim. In addition to this, however, the contention is conclusively refuted by the applicable statutes, since § 4502 provides that a check is a bill of exchange, and § 4449, that the acceptance of a bill of exchange must be in writing signifying the drawee's assent.

There is error, the judgment is set aside and the case is remanded to the Court of Common Pleas with direction to enter judgment for the defendant.

In this opinion the other judges concurred.