STATE OF CONNECTICUT *v.* EDGAR B. CAHN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 9-32712

Argued July 29—decided November 15, 1968

*Joseph E. Fazzano,* of Hartford, for the appellant, (defendant).

*Salvatore F. Arena,* assistant prosecuting attorney, for the appellee (state).

MACDONALD, J. From a verdict and judgment of guilty of the crime of speeding; General Statutes § 14-219 (a); the defendant has appealed, assigning as error the refusal of the trial court to charge the jury in accordance with written requests timely filed and with oral requests duly entered by defense counsel, to all of which exception was properly taken. Practice Book § 1006 (3).

We consider only errors which "went to . . . vital issue[s] in the case." *Leary* v. *Citizens & Manufacturers National Bank,* 128 Conn. 475, 479; Maltbie, Conn. App. Proc. § 307, and authority cited. In the presence of the jury and the judge, the state and the defense counsel entered into a stipulation of facts.[1] Thereupon, the court charged the jury in part as follows: "Now, in a situation such as this the Court can instruct the jury and direct them to bring in a guilty verdict. For the reason that the members of the jury on the admitted fact that you have before you could not possibly come to any other conclusion but the fact that the accused is guilty of speeding, and therefore, I direct you to bring in a verdict of guilty as charged. Now,

---

[1] The following excerpt from the transcript of testimony before us sets forth the stipulation as follows: "On December 16, 1966, Trooper William Goodu was a member of the Connecticut State Police Department and was operating a radar unit on Interstate 91 in the town of Middletown. Interstate 91, further, is a multiple lane,

you will retire to the jury room and select among yourself a foreman or forelady, and then you will return the verdict that I have directed you to return. You are now excused to retire to the jury room."[2]

We are constrained to record our disapproval of factual stipulations in toto in a jury trial. It is the function of the jury to determine issues of fact, and it is peculiarly its function to pass upon the credibility of witnesses. As an incident to its power to determine facts, it is also its function to draw logical and reasonable inferences therefrom. Maltbie, Conn. App. Proc. §§ 71, 84. It is a party's constitutional right to have issues of fact decided by the jury, and a trial court should be cautious not to infringe upon this right. *Ardoline* v. *Keegan*, 140 Conn. 552, 555; Maltbie, op. cit. § 84. The jury is the tribunal which is regarded by law as the one especially fitted to

limited access public highway of the State of Connecticut upon which the maximum speed of seventy miles per hour applies. Additionally, the unit being operated by Trooper Goodu was checked for accuracy within a reasonable time both before and after the occurrence. It was checked for accuracy through the use of four calibrated tuning forks, at forty, sixty, seventy, and eighty miles per hour at 8:15 a.m. that morning and additionally at 12:50 p.m. that afternoon, and was found to be operating correctly. On said date, meaning December 16, at approximately 10:02 a.m. in the morning the defendant, Edgar Cahn, . . . was operating a 1966 Cadillac on Interstate 91. The vehicle bore Connecticut registration 386114. At said time and place Mr. Cahn's vehicle went through the radar unit and was clocked by the unit at eighty-three miles per hour. Additionally, Mr. Cahn's speedometer was defective and varied in speed between fifteen to twenty-five miles per hour from the true speed of the vehicle. Additionally, Mr. Cahn did not know that his speedometer was defective and he also did not know what his actual speed was."

[2] The court's charge in its entirety left no doubt in the minds of the jurors that a verdict of guilty was mandatory: "Ladies and gentlemen of the jury. As I noted to you earlier this case is being presented a little differently than the usual cases that you have heard. Usually the testimony comes from the witnesses and the police officers to be given to the jury the facts of the case. However, in this case counsel have stipulated as to what the facts are. They have agreed, and where facts are stipulated, that means they are

decide questions of fact upon evidence. *Burns* v. *Metropolitan Distributors,* 130 Conn. 226, 228. In the case at bar, the trial court would have been justified in disregarding the stipulation of facts for as former Chief Justice Maltbie pointed out: "[A] judge is not a mere umpire in a forensic encounter but a minister of justice." *Peiter* v. *Degenring,* 136 Conn. 331, 338. The effect of the portion of the charge which stated that "there really is nothing for the jury to decide, because the facts are admitted by both sides" was to deprive the jury of its time-honored, well-established and fundamental function of determining issues of fact, and it thus constitutes error which went to a vital issue.

We do not foreclose all efforts to reduce inquiry into disputed facts in criminal prosecutions in jury cases by resort to well-considered limited stipulations. Such procedure is often desirable in expedit-

---

admitted by both parties. In other words, it is admitted by this accused that he was on this multiple limited access highway on this day, that he was exceeding the speed limit of seventy miles per hour. The officers apprehended him through radar. The radar was working properly. So that there really is nothing for the jury to decide, because the facts are admitted by both sides.

"Now, under the facts that have been stated to you and admitted by counsel the Court has but one thing to do, that is, to read the law, and the law is this: 'No person shall operate any motor vehicle at a rate of speed greater than seventy miles per hour upon a multiple lane limited access highway.' So that on the facts that were agreed by both counsel and submitted to the jury there isn't any question that this accused is guilty of speeding, because on the admitted facts he was exceeding the maximum speed limit of the State of Connecticut which is seventy miles per hour.

"Now, in a situation such as this the Court can instruct the jury and direct them to bring in a guilty verdict. For the reason that the members of the jury on the admitted fact that you have before you could not possibly come to any other conclusion but the fact that the accused is guilty of speeding, and therefore, I direct you to bring in a verdict of guilty as charged.

"Now, you will retire to the jury room and select among yourself a foreman or forelady, and then you will return the verdict that I have directed you to return. You are now excused to retire to the jury room."

ing the trial of jury cases. As we have in the past, however, we emphasize that there are few occasions in criminal prosecutions in jury trials where this can be done with fairness and justice to the accused and the state alike, particularly where intent or knowledge is an essential element. *State* v. *Cohn,* 24 Conn. Sup. 232, 234, 1 Conn. Cir. Ct. 520, 522.

Since there must be a new trial, we refer to another further error concerning a vital issue. "The trial court in this jurisdiction has very much more latitude in its control over jury trials than in many of our States. It may discuss and comment on the evidence to the jury, indicate its own view-point, express an opinion as to its weight or as to what verdict would be proper if the jury should find certain facts to have been proved, and it may call the attention of the jury to considerations affecting the credibility of testimony." *State* v. *Cianflone,* 98 Conn. 454, 467; *State* v. *Thomas,* 105 Conn. 757, 764; *State* v. *Colonese,* 108 Conn. 454, 457; *State* v. *Searles,* 113 Conn. 247, 258. Under our law, a court may even direct "a verdict of not guilty in a criminal case when the reasoning mind could not reasonably reach a conclusion other than that the evidence, under the law, is not sufficient to justify a finding of guilty beyond a reasonable doubt. The trial court should not direct a verdict of not guilty unless the judge is clearly of the opinion, upon the best consideration and judgment he can give the matter, that under the law the evidence compels such a direction." *State* v. *Torello,* 100 Conn. 637, 643; General Statutes § 54-89;[3] Maltbie, Conn. App. Proc. § 203. The power to direct a verdict of not guilty should be

[3] "Sec. 54-89. DIRECTION OF COURT TO JURY. "The court shall decide all issues of law and all questions of law arising in the trial of criminal cases. In committing the cause to the jury, if in the opinion of the court the evidence is not sufficient to justify that finding of guilt beyond a reasonable doubt, the court may direct the jury to find a verdict of not guilty; *otherwise the court shall submit*

carefully used. *State* v. *Annunziato,* 154 Conn. 41, 45; *State* v. *Torello,* supra; Maltbie, op. cit. § 203.

It is, however, the equally well-established law of this jurisdiction that a trial court, in a criminal case tried to the jury, has no authority to direct a verdict of guilty.[4] This cannot be done. General Statutes § 54-89; *State* v. *Chapman,* 103 Conn. 453, 486; *State* v. *Buonomo,* 87 Conn. 285, 290; *State* v. *Alderman,* 83 Conn. 597, 601. In the instant case, it was manifest error for the trial court so to do. Such an error "went to a vital issue." *Leary* v. *Citizens & Manufacturers National Bank,* 128 Conn. 475, 479.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion KOSICKI and JACOBS, Js., concurred.

---

*the facts to the jury without directing how to find their verdict.*" (Italics supplied.)

This same language is found in Rev. 1949, § 8806 and in Rev. 1930, § 6486. Rev. 1902, § 1516 and Rev. 1918, § 6641 both read: "The court shall state its opinion to the jury upon all questions of law arising in the trial of a criminal case, and submit to their consideration both the law and the facts, without any direction how to find their verdict."

The statute was revised in its present language by Public Acts 1921, c. 267 § 1.

[4] Both the appellant and the appellee, during oral argument, in the briefs, and otherwise, waived any error arising from the directing of a verdict of guilty by the trial judge. As we have indicated in the opinion, there is vital error which we cannot overlook.