## ISAAC F. SMYTH vs. WILLIAM RIPLEY, ADMINISTRATOR.

In an action of scire facias against a garnishee, evidence is admissible under the general issue pleaded in the statutory form, to show that the debt claimed to be due from the garnishee to the defendant in the original action had been assigned by the latter to a third party and due notice of the assignment received by the garnishee before the commencement of that suit.

It seems that the action of scire facias comes within the statute authorizing a plea of the general issue with notice of special matter to be given in evidence, in "all actions at law."

An assignment of a claim to enforce which an action was pending, was made to the attorney employed in its prosecution, in consideration of a previous indebtedness to him, and of his present employment upon this and other business, with a provision that the expenses of collection should be first paid out of the avails and then so much as might be necessary applied to satisfying such previous indebtedness, and any future indebtedness to him that might arise, the balance to be returned to the assignor. The assignor was at the time in insolvent cir-

cumstances, but it did not appear that the assignment was made with a view to insolvency, and for the purpose of preferring the assignee to other creditors, nor that it comprehended either all or a principal part of his property. Held, that the assignment was not invalid, either because the expenses of collecting the claim were to be first paid, or on account of the provision for paying any future indebtedness, or because any surplus which might remain was to be paid to the assignor.

SCIRE FACIAS, brought against the defendant as garnishee in an action of assumpsit, in which the plaintiff recovered judgment against Jabez Ripley. The general issue was pleaded in the form authorized by the statute, (Revision of 1866, p. 23,) with notice that evidence would be offered to prove that, before the commencement of the action against Jabez Ripley, he had assigned all his claims against the estate of the defendant's intestate, Oliver Ripley, to Edward Goodman, as security for an indebtedness to the latter, of which assignment due notice was given to the defendant.

Upon the trial of the cause in the superior court on this issue closed to the court, before *Phelps, J.,* it was admitted that the plaintiff was entitled to recover unless a debt which was due to Jabez Ripley from the estate of Oliver Ripley had been lawfully assigned to Mr. Goodman before the service of the factorizing process upon the defendant. This assignment was executed by Jabez Ripley in consideration of his being then indebted to Mr. Goodman in the sum of $236, and of the employment of the latter at the time as his counsel in prosecuting certain claims for the assignor against the estate of Oliver Ripley, and in other business, and conveyed to him " all such claims as he (Jabez Ripley) had against the estate of Oliver Ripley, with power to him to collect the same, and apply so much of the avails thereof as should be necessary for that purpose towards the payment of the costs and expenses of collecting the same, and so much of the balance as should be necessary for that purpose toward the payment of his indebtedness to said Goodman, and of any future indebtedness that he might owe him, and to pay over the balance to said Jabez."

The claims thus assigned amounted to the sum of $1,200,

and a judgment was obtained against the defendant as administrator of said estate by Jabez Ripley upon the same, for the sum of $303.73, assets applicable to the payment of which, to an amount greater than that claimed by the plaintiff, were in the hands of the defendant. The debt upon which the plaintiff recovered his judgment against Jabez Ripley was due previous to the assignment, at the time of executing which said Jabez was in insolvent circumstances.

The plaintiff objected to the admission of evidence of the assignment under the issue presented by the pleadings, but it was received by the court. The plaintiff then claimed that the assignment was fraudulent and void as against him, and within the operation of the statute relating to fraudulent conveyances, but the court held otherwise, and rendered judgment in favor of the defendant. The plaintiff thereupon filed a motion for a new trial.

*Hamersley* and *C. E. Fellowes*, in support of the motion, contended that evidence of the assignment was inadmissible under the pleadings, since a proceeding by scire facias is not within the meaning of the statute allowing a plea of the general issue with notice in " all actions at law ; " (Foster on Writ of Scire Facias, 349 ; *Blake* v. *Dodemead*, 2 Strange, 775 ; *Smyth* v. *Ripley*, 32 Conn., 156 ;) that the notice was inaccurate and insufficient ; and that, if received in evidence, the assignment was fraudulent and void, and within the statute against fraudulent conveyances, as against the plaintiff a pre-existing creditor, because the expenses of collecting the fund assigned, that is, of defending it from the suit of other creditors, were to be taken out of it ; (*Mead* v. *Phillips*, 1 Sandf. Ch., 83 ; *Nichols* v. *McEwen*, 17 N. York, 22 ;) because it was in part to secure any future indebtedness ; (*Pettibone* v. *Stevens*, 15 Conn., 19 ;) and because the surplus was to be returned to the assignor ; (1 Am. Lead. Cas., 67, 68, 69 ; *Hyslop* v. *Clark*, 14 Johns., 455 ; *Dana* v. *Lull*, 17 Verm., 390 ; *Ingraham* v. *Wheeler*, 6 Conn., 277 ; *Gaylord* v. *Couch*, 5 Day, 223 ; *Shaffer* v. *Watkins*, 7 Watts & Serg., 219 ;) the rule being that if any provision in such an assignment is void,

the assignment is void *in toto;* (*Mackie* v. *Cairns,* 5 Cow., 547.)

*Goodman,* contra, insisted that the proceeding of scire facias is an action at law and may be tried before a jury; (1 Swift Dig., 731;) that the notice was sufficient; that an assignment of personal property in payment of a debt is good; (*Meade* v. *Smith,* 16 Conn., 346;) that a mortgage made to secure both valid and unvalid debts is good as to the former; (*Sanford* v. *Wheeler,* 13 Conn., 165;) that an assignment of a debt to an attorney, in payment of his fees, in a litigation regarding such debt, is good; (*Ripley* v. *Bull,* 19 Conn., 53;) that to invalidate the assignment it must appear that the assignee knew the assignor to be insolvent; (*Partelo* v. *Harris,* 26 Conn., 480;) and that the provision regarding the return of the surplus to the assignor, as it appeared on the face of the contract, and had no mark of a secret trust, was not open to objection; (1 Swift Dig., 275.)

HINMAN, C. J. The object of this scire facias is to collect of the defendant the amount of a judgment which the plaintiff recovered against Jabez Ripley. The defendant was duly summoned as the garnishee of said Jabez; and he was at one time indebted to him; but the defense was that this indebtedness had been lawfully assigned to Edward Goodman previous to the service of the process by which the debt was claimed to have been attached. The plea to the scire facias was a general denial of the facts stated in the declaration, with notice that the defendant under that plea would prove an indebtedness to Mr. Goodman, and an employment of him as the attorney of Jabez Ripley, upon a claim that he had against the estate of Oliver Ripley, and in consideration thereof an assignment of all his claims against the estate of said Oliver, and notice of such assignment to the defendant, on the 9th of November, 1860, before the commencement of the plaintiff's suit. In the superior court the plaintiff objected to proof of this assignment on the ground of its inadmissibility, either under the plea or notice. And the claim is, that

scire facias in foreign attachment is not one of the " actions at law " in which a general issue with notice is allowed by statute. The court however admitted the evidence, and the first question is whether this decision was correct.

And it appears to us that it was correct. In the first place we think the evidence admissible under the general issue. It appears to us to be unimportant whether in a strict technical sense scire facias be regarded as an original civil action or suit, or in the nature of a writ of execution. It is a proceeding in which the plaintiff, at whose instance it is issued, makes a claim upon the defendant, founded upon the facts alleged in the process. And the statement of these facts may properly enough for the purposes of pleading be called the declaration. Now one of the facts set out in this proceeding is that the defendant, at the time the original process was served, was indebted to Jabez Ripley, the defendant in the original action. This fact the plaintiff must prove, and it was denied by the general denial of all the facts, and was therefore the direct issue formed by the plea ; and the fact that the debt had been assigned and notice of that assignment given to the defendant went, as we think, to disprove this fact. After the assignment, and notice of it, the debtor was no longer in any proper sense the debtor of Mr. Jabez Ripley, but he was the debtor of his assignee, Mr. Goodman. Neither a payment to the original creditor nor his discharge would have been of any avail to protect the debtor from a suit instituted by Goodman for the recovery of the debt, and although such suit, if commenced by a common law action, as distinguished from a bill in equity, might have to be brought in the name of the original creditor, yet even in that case he would be but a mere naked trustee for the benefit of his assignee, who by virtue of his owning the debt may more properly be regarded as the creditor than such trustee. It appears to us therefore that the assignor of the debt, after notice of the assignment to the debtor, was not the creditor of the latter, within the meaning of the statutes authorizing debts to be attached by our process of foreign attachment; and on this ground the evidence of such assignment and of notice

thereof to the debtor was properly given in evidence by the defendant under the general denial of the facts stated or alleged in the declaration.

But if it were necessary to resort to the notice of the facts which the defendant would prove under such general denial, we should feel strongly inclined to hold that the action of scire facias was " an action at law " within the meaning of the statute of 1848, prescribing the form of the general issue in such actions, and authorizing special matter to be given in evidence by the defendant on giving notice at the time of pleading of the matter which would be the subject of proof under such issue.

The object of that act was to simplify the pleadings in all actions at law, and hence a form of general issue was prescribed which is applicable to them all. And it is as applicable to the proceeding by scire facias as to one of the common law actions that have a general issue, or had one previous to the enactment of that statute. A scire facias comes within the literal meaning of the words " all actions at law." Though a judicial writt, it is still an action, may be pleaded to as such, and is released or discharged by a release of all actions. Williams, J., in *Ensworth* v. *Davenport*, 9 Conn. R., 392, citing *Fenner* v. *Evans*, 1 T. R., 268 ; *Grey* v. *Jones*, 2 Wils., 251 ; *Pultney* v. *Townson*, 2 W. Bla. R., 1227 ; 2 Tidd's Prac., 1046 ; Co. Litt., 290. As it comes therefore within the literal meaning of the words of the statute, it is for the plaintiff to show that it is not within its spirit and intent, or the words should be construed according to their natural import. We think that he fails entirely in doing this. It is impossible to give any reason for passing this statute and making it applicable to common law actions, which does not apply with equal force to an action of this description. A general denial of the facts alleged by a plaintiff is as applicable to one action as to another, and the circumstance that there was formerly no specific form of a general issue to this action, is wholly insufficient as a ground on which to found a decision that it was not intended to include it with other actions when a general issue was prescribed that is as appropriately applica-

ble to it as to any other. We are satisfied therefore that the evidence was properly received under the notice, if there could be any doubt of its admissibility under the plea itself.

The question whether the debt described in the notice is a different debt from that set forth in the writ as having been attached in the original action, becomes unimportant by our opinion that the assignment was properly received in evidence under the general denial without reference to the notice.

It is claimed however that the assignment itself was fraudulent and void, and within the statute against fraudulent conveyances, in consequence, it is claimed, of its being made with intent to avoid the debts of others.

It is claimed to be so, first, because the costs and expenses of the collection of the debt were to be deducted from the amount recovered, and the balance only applied in payment of the debt to Mr. Goodman. But we perceive nothing objectionable in this. Mr. Goodman of course was not to be the gainer by deducting the costs and expenses of the litigation. He was entitled to payment of his debt in full, and if he chose to take payment in a collateral article, or in a chose in action, it seems only equitable that the expense of obtaining possession of the article or of reducing the chose in action to his actual possession, should be borne by the party who was bound to pay him; and if the party was willing to bear this expense, we know of no rule of law to prevent his doing so.

It is again insisted that the provision, that, after paying the assignee's debt, the surplus was to be applied to the payment of any future indebtedness to him which the assignor might incur, rendered the assignment void. Such arrangements as this we presume are very common, and if they are fairly entered into there can be nothing objectionable in them. Of course if there was no such indebtedness at the time when the avails of the assigned debt came into the hands of the assignee, the surplus, if any, might be attached by a creditor of the assignor, and if not attached he would be liable for it to the assignor. Where the debt assigned is larger than the debt for the payment of which the assignment is made, or

Smyth *v.* Ripley.

might be larger, such an arrangement would seem to be proper.

But it is said, again, that the provision for the return of any surplus to the assignor, after satisfying the assignee's claims, rendered the assignment void. We have no occasion to controvert the position of the plaintiff, that a general assignment of all a debtor's property for the benefit of his creditors is void if it contain a stipulation or reservation for the benefit of the debtor, and if this was an assignment of a part of his property to trustees for the benefit of a portion of the assignor's creditors, no doubt it would be void under the express provision of our statute in relation to such assignments. But this is not a general assignment of all, or, so far as we know, of the principal part of the debtor's property for the benefit of creditors, nor is it an assignment to a trustee for the benefit of creditors. It is rather an assignment of a particular and specific claim that the assignor had, in payment, so far as the amount to be collected from it is concerned, of a specified debt of the assignee. And although the motion shows that, at the time of the assignment, the assignor was in insolvent circumstances, yet it does not appear that the assignment was with a view to such insolvency. It is like the case of a specific chattel, sold to a creditor in payment of his debt, and in such a sale, if it should so happen that the chattel was sold for a larger sum than the amount of the debt paid by such sale, we presume it would hardly be claimed that the sale was fraudulent and void because the purchaser at the time of the sale agreed with the vendor to repay the surplus to him. It is true that such a sale made with a view to insolvency, and for the purpose of preferring the creditor to the other creditors of the insolvent, would be void by the express terms of our statute. But nothing of this sort appears in the case.

It appears to us therefore that the rulings and final decision of the superior court in the case were correct, and a new trial is therefore not advised.

In this opinion the other judges concurred.