## Arthur E. Wicks *vs.* Mildred T. Knorr, Administratrix, et al.

Third Judicial District, Bridgeport, April Term, 1931.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

450

Argued April 15th—decided July 29th, 1931.

*William F. Tammany*, for the appellant (defendant Tobin).

*John Keogh* and *John T. Dwyer*, for the appellant (defendant Knorr, administratrix).

*Edward J. Quinlan*, with whom, on the brief, was *Sheldon B. Smith*, for the appellant (plaintiff).

MALTBIE, C. J. In 1927 Fred A. Giorchino, acting in behalf of himself, August C. Knorr and two others, acquired certain premises in Westport known as The Compo Hills Development. Knorr was engaged in a grain business in association with Harry Tobin. Knorr gave considerable of his time to outside enterprises, but Tobin devoted all his time to the grain business and in consideration of his doing so Knorr agreed to divide with him any profits received from outside transactions, Knorr retaining one half and accounting to Tobin for the other half. Tobin, in conferring with

Knorr as to possible profits from the Compo Hills Development, said he preferred a lesser sum in cash to a larger sum at some future time, and Knorr proposed to him that he sell his interest in the transaction and prospective profits therefrom. Knorr then represented to the plaintiff that Tobin had an interest in the transaction concerning The Compo Hills Development and told him that he might be able to buy the prospective profits for $5000. The plaintiff negotiated with Tobin as to this purchase and agreed to pay that sum. Thereupon Knorr prepared a document which under date of October 10th, 1927, was signed by Tobin as follows: "I hereby transfer to Arthur E. Wickes of Norwalk, Conn., all my rights and interest held with August C. Knorr in the Compo Hills Development at Westport, Conn. Same being one-half of the one quarter interest held by said August C. Knorr and all profits of the aforementioned one eighth interest are to be paid to said Arthur E. Wickes."

The plaintiff then paid Tobin $5000 and the latter gave $1000 of it to Knorr. In February, 1928, Giorchino, Knorr and the two others owning interests in the premises organized a corporation and one thousand shares of stock were issued by it and divided equally among them. Giorchino conveyed to this corporation such portion of the tract as had not been sold or conveyed by him, with his rights in instalment contracts covering various lots in it, with certain mortgages on other lots in it, and also mortgages affecting other property held by him and others. November 6th, 1928, Knorr died, owning two hundred and fifty shares of the stock of the corporation. Within the period limited for presenting claims against his estate the plaintiff presented a claim based upon his rights under his transaction with Tobin. It was disallowed. The present action was brought against the administratrix

of Knorr's estate and against Tobin. The first count was based upon the disallowance of the claim presented against the Knorr estate; the second count alleged that, prior to Knorr's death, he and Tobin had received to and for the use of the plaintiff $5000, which had not been repaid; a third count, added by amendment, set out the facts of the organization of the corporation and the ownership of the stock in it by the Knorr estate and sought to have declared and enforced an interest of the plaintiff in this stock, to have the money paid by him to Tobin adjudged a lien and charge upon Knorr's estate and the stock, an accounting, any other appropriate relief, and damages. The trial court reached the conclusion that Knorr never transferred to Tobin any part of his interest in The Compo Hills Development or the prospective profits therefrom, that Tobin had no interest in The Compo Hills Development which he might or did convey to the plaintiff, and that no trust had been proved. Solely upon this basis it gave judgment for the plaintiff to recover from Tobin the full sum paid to him on the purchase of his interest in the transaction, with interest, and for the defendant administratrix. From this judgment all parties have appealed.

The appeal of the administratrix merely seeks corrections in the finding. None of them which we could make would affect the legal rights of the parties as they are fixed by the facts found, which we have stated.

The agreement between Knorr and Tobin for a division of the profits from the former's outside transactions was merely an agreement to account and pay over to the latter one half of those profits. To these transactions Tobin contributed nothing in money, property or services; he in no way participated in them or had any control over them; the essence of the agreement was that Tobin was to be compensated for the

disproportionate amount of time and effort he was giving to the grain business by a sum measured by one half of Knorr's profits from outside transactions. In no sense could Tobin be considered as a joint adventurer with Knorr in them. *Dolan* v. *Dolan,* 107 Conn. 342, 349, 140 Atl. 745; *Ross* v. *Burrage,* 233 Mass. 439, 448, 124 N. E. 267; *Hutchinson* v. *Birdsong,* 207 N. Y. Supp. 273, 275. To apply the language of the court in *Wilson* v. *Maryland,* 152 Minn. 506, 510, 189 N. W. 437, "To constitute a joint adventure two parties must combine their property, money, efforts, skill or knowledge in some common undertaking. These parties owned nothing in common and transacted no business in common [other than the grain business], assumed no obligations to do so." Knorr and Tobin were not joint adventurers as regards The Compo Hills Development. The agreement being merely to divide profits, it was not within the statute of frauds, even though these were to be realized from real-estate transactions. *Maguire* v. *Kiesel,* 86 Conn. 453, 457, 85 Atl. 689. The language of the agreement lacks precision; it purports to convey Tobin's "rights and interest held in the Compo Hills Development" as well as in the profits to be derived therefrom. But Tobin had no interest in the Development as such, and must be assumed to have intended to convey what he did have, an interest in the profits from it. The plaintiff was informed by Knorr that Tobin had an interest in the transaction and that the plaintiff might be able to buy the prospective profits. Reading the transfer in the light of these facts it must be construed as intended to transfer and as in fact transferring Tobin's interest in such profits as should be realized by Knorr out of the Development. It was a sufficient assignment of a chose in action which, having been made and accepted, conferred upon the

plaintiff all Tobin's rights against Knorr. *Camp* v. *Tompkins,* 9 Conn. 545, 552; *Smyth* v. *Ripley,* 33 Conn. 306, 310. It follows that the trial court was in error in the conclusion it reached that Tobin had no interest in the profits from The Compo Hills Development and could and did transfer no interest to the plaintiff.

As regards the judgment against Tobin, the facts found require more than a direction of a new trial. The money paid to Tobin by the plaintiff was the purchase price of a valuable right and in no sense could be regarded as received by Tobin for the use of the plaintiff. As such purchase price, it was Tobin's own money and no trust or lien attached to it in the plaintiff's favor. The facts found show no ground upon which Tobin can be held liable to the plaintiff. This makes it unnecessary to consider the claims for correction in the finding made in his appeal, and none of those advanced in the plaintiff's appeal affect the issues as against him. The judgment against Tobin should be reversed and judgment for him directed.

As regards the administratrix a different situation exists. The plaintiff by the assignment became vested with all rights Tobin had or would have against Knorr growing out of the agreement to divide the profits coming to the latter from the Development. If Knorr realized any profits as such the plaintiff would have a valid claim to one half of them. Profits, as used in the agreement, evidently meant the excess of any sums coming to Knorr above what he paid or was required to pay to acquire and maintain his interests in the premises. It was not found that any profits were in fact realized. The shares issued to Knorr on the formation of the corporation, if they be regarded as representing his share in the real estate, took the place of the corpus of the property and not of any profits

gained in the transaction. It does not appear that any dividends have been paid upon them and while it is not expressly found that no shares of the corporation were sold by him this would seem to follow from the fact that on its organization he received two hundred and fifty shares and owned the same number at his death. Representing as they did the corpus of the property and not ascertained or declared profits, the plaintiff has no claim upon the shares of stock as such, either by way of a trust or lien or otherwise. The trial court has found that when the corporation was formed, in addition to the real estate in question and contracts for the sale of and mortgages upon lots in it, other mortgages affecting other property were turned over to it and held by it. This finding is attacked in the administratrix's appeal but it is supported by the evidence. After the incorporation the only way in which Knorr could have realized profits upon his investment in The Compo Hills Development would be through dividends upon his stock, a distribution of its assets upon dissolution, or by the sale of the stock he owned. But as the corporation had other assets than those connected with The Compo Hills Development, it would seem to follow that neither the dividends, nor the purchase price of stock sold, could be said to represent money coming to Knorr as profits from that Development. *A fortiori* would this be so if the corporation were authorized to deal in other matters than those connected with the Development. The same situation would arise upon the dissolution of the corporation, because our law does not provide for a distribution of property in kind upon a dissolution but for the sale of all assets, except money or accounts, before it is made. General Statutes, § 3471. By the organization of the corporation it apparently became impossible to determine what Knorr's profits from the

Development would be. We have then a situation where Knorr, instead of holding his interest in the real estate, voluntarily placed himself in a position where it was no longer possible to perform his agreement with Tobin. This would give the plaintiff a valid cause of action against him under the assignment for the value of his interest in the agreement. *Stanton* v. *New York & Eastern R. Co.*, 59 Conn. 272, 283, 22 Atl. 330; 3 Williston on Contracts, § 1959.

It is true that the claim presented to the administratrix and the first count of the complaint seek a recovery of $5000, with interest from the date of the agreement of transfer from Tobin to the plaintiff, but the consideration of the agreement is stated in such a way that the administratrix could be in no doubt as to the circumstances under which the plaintiff claimed the amount due under the agreement. The claim and the complaint were sufficient to support a right of recovery based upon the fact of the deceased's voluntarily incapacitating himself from performing his agreement. *Strakosch* v. *Connecticut Trust & Safe Deposit Co.*, 96 Conn. 471, 484, 114 Atl. 660; *Roth* v. *Ravish*, 111 Conn. 649, 654, 151 Atl. 179. It is also true that the plaintiff did not advance to the trial court the particular ground of recovery which we have discussed. But the trial court in its decision never passed upon the issue of his right to recover as Tobin's assignee. In view of this situation upon the record and the manifest injustice which may result if the judgment be sustained by our holding the plaintiff to the claims he specifically made at the trial as to the nature of his rights to recover, we disregard his evident mistake as to the nature of his claim and order a new trial.

The effect of this decision is to eliminate Tobin as a defendant and to wipe out all counts in the complaint except the first, based upon the disallowance of

the claim made against Knorr's estate. Consequently we do not consider whether the joinder of causes of action in the complaint could in any event be properly allowed.

Upon the plaintiff's appeal there is error as regards the defendant administratrix, the judgment is set aside and a new trial ordered as to her; upon the appeal of the defendant Tobin there is error, the judgment is reversed as to him and the trial court directed to render judgment for him; upon the appeal of the administratrix there is no error.

In this opinion the other judges concurred.