[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Motions to Strike (#s 192, 196)
 I
The pro se plaintiff has filed a Third Amended Complaint that is approximately 114 pages long, contains 307 paragraphs, includes twenty-eight counts, and names twelve defendants. Two groups of defendants, comprising a total of six of the defendants, have filed motions to strike.[1] The court initially rejects the argument, made by all defendants, that the causes of actions and parties have been misjoined. Judicial policy favors litigation of related controversies in a single action. See Veits v. City of Hartford, 134 Conn. 428, 436,58 A.2d 389 (1948). This voluminous case is better managed as one than as the many cases into which it could be separated. Although in a narrow, technical sense, some of the counts involve different transactions, in a broader sense all of the counts involve "transactions which grew out of the subject matter in regard to which the controversy has arisen," Practice Book § 10-22, namely, the pattern of dealings with the nonsuited plaintiff Alliance Foundation. Further, the court finds that the separate counts, though they name different defendants or groups of defendants, are sufficiently connected that they "affect all parties to the action." Practice Book § 10-21. Thus, there is no misjoinder of parties. See Viets v. City of Hartford, supra, 434-35; Zweeres v.Pashalinsky, 7 Conn. Sup. 45 (1945).
 II
The court turns to the specific claims raised in the motion to strike filed by defendants Eugene M. Grant, Richard Solomon, and Robert Nagro (#192). The court agrees that count eighteen, which purports to allege a claim of promissory estoppel, is defective because it alleges that defendant Grant's actions induced reliance by the former plaintiff Foundation but not by the individual plaintiff. Contrary to the claims of the defendants, however, count twenty-one, which also alleges promissory estoppel, sufficiently alleges reasonable reliance by the plaintiff, CT Page 12906 particularly in paragraph 248. Further, the plaintiffs allegations of promissory estoppel takes this case out of the statute of frauds. SeeDeLuca v. C.W. Blakeslee Sons, Inc., 174 Conn. 535, 544, 391 A.2d 170
(1978). It is not clear, in any event, that the statute of frauds would apply when, as is inherent in a promissory estoppel case, there is no "agreement." See Eagle Hill Southport School v. Roberts, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 362604 (Aug. 24, 2000, Melville, J.); General Statutes § 52-550 (a) ("No civil action may be maintained . . . unless the agreement, or a memorandum of the agreement, is made in writing . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property;"). Finally, to the extent that the defendant Grant allegedly promised to provide the plaintiff with "income from rents," (Third Amended Complaint, ¶ 243) the defendants have not established that such income falls within the requirement of the statute of frauds for a writing memorializing an agreement "for the sale of real property or any interest in or concerning real property." General Statutes § 52-550 (a). SeeWicks v. Knorr, 113 Conn. 449, 453, 155 A. 816 (1931) (agreement to divide profits realized on real estate transactions not within statute of frauds).
Count nineteen fails to state a claim for fraudulent misrepresentation because it contains an alleged misrepresentation of a promise to do an act in the future without any allegation that there was no present intent to fulfill the promise. See Paiva v. Vanech Heights Construction Co.,159 Conn. 512, 515, 271 A.2d 69 (1970). In count twenty, however., the plaintiff sufficiently alleges the terms of an alleged partnership with defendant Grant to state a cause of action for breach of the partnership agreement. Further, insofar as the alleged breach concerns the failure of defendant Grant to provide rental income to the plaintiff, the defendants, as stated above, have not established a violation of the statute of frauds.
The defendants raise a statute of frauds defense to count twenty-two, which alleges breach of contract. The defendants erroneously claim in their brief that the alleged contract called only for defendant Grant to convey a one-half interest in certain real estate, a contract that would in fact fall within the statute. (Defendants' Memorandum of Law, p. 11.) The contract that the plaintiff alleges, however, called not only for the transfer of real estate but also for Grant to assign the plaintiff certain rental income which, as discussed above, the defendants have not established as falling within the statute. Further, the plaintiffs allegations do not clearly establish a separate violation of the statute of frauds based on the claim that the contract was "not to be performed within one year from the making thereof. . . ." General Statutes § CT Page 1290752-550 (a) (5).
In count twenty-three, the plaintiff alleges that she entered into a contract with defendant Grant that provided for Grant to purchase an entity named General Homes, Inc., which was a nonsuited plaintiff, and that Grant breached this contract. The defendants claim that exhibit Z26, which plaintiff refers to in her allegations concerning the contract, does not show the plaintiff to have been a party to the contract. (Third Amended Complaint, ¶ 261.) On the contrary, exhibit Z26 begins by introducing the terms of "the agreement between Eugene M. Grant and Yvonne Liebel," and ends with the plaintiffs signature. The plaintiff has therefore sufficiently pleaded that she entered a contract with Grant.
Finally, the court finds that count twenty-eight does not sufficiently state a claim for intentional infliction of emotional distress. of the four elements of this tort, the critical one here is the requirement that the conduct in question be extreme and outrageous. Whether the conduct rises to this level is initially a question for the court. See Appletonv. Board of Education, 254 Conn. 205, 210, 757 A.2d 1059 (2000). In Connecticut, liability for intentional infliction of emotional distress requires conduct that "exceeds all bounds usually tolerated by decent society. . . ." (Internal quotation marks omitted.) Id. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Internal quotation marks omitted.) Id., 210-11.
Viewing count twenty-eight in a light most favorable to the plaintiff, the count alleges that the defendants engaged in conspiratorial, predatory efforts to cut off funds to and take control of a closely-held corporation of which the plaintiff was the founder and president. These allegations do not suffice. Generally, courts applying Connecticut law have found that the loss of business or employment opportunities, even when based on improper motives, do not constitute the type of extreme behavior described above. See Franco v. Yale University,161 F. Sup.2d 133, 141-42 (D.Conn. 2001) (medical school's conduct disenfranchising surgeon); Russo v. City of Hartford, 158 F. Sup.2d 214,226-27 (D.Conn. 2001) (conduct of police chief and captain allegedly to destroy character of police detective and disclose confidential information); Miner v. Town of Cheshire, 126 F. Sup.2d 184, 194-5
(D.Conn. 2000) (town's alleged refusal to protect female police officer from male supervisor's sexual harassment); Brown v. Northeast NuclearEnergy Co., 118 F. Sup.2d 217, 222-23 (D.Conn. 2000) (nuclear power plant's alleged failure to follow its own internal procedures before CT Page 12908 revoking security clearance of subcontractor's employee). Rather, the type of behavior contemplated by this tort has been much more personal in nature, and often involves the victim's peculiar susceptibility to emotional distress by reason of some physical or mental condition, or actions by the defendant likely to cause the victim to experience shock or fright of enormous proportions. See Mellaly v. Eastman Kodak Co.,42 Conn. Sup. 17, 597 A.2d 846 (1991) (employer humiliating a recovering alcoholic); Whelan v. Whelan, 41 Conn. Sup. 519, 588 A.2d 251 (1991) (husband falsely informing wife that he has AIDS); Brown v. Ellis,40 Conn. Sup. 165, 167-68, 484 A.2d 944 (1984) (employer gave plaintiff work assignments in disregard of plaintiffs fear of heights). The plaintiffs allegations do not involve conduct of this sort. Accordingly, the court grants the motion to strike count twenty-eight of the complaint.
For these reasons, the motion of defendants Eugene M. Grant, Richard Solomon, and Robert Nagro is granted as to counts eighteen, nineteen, and twenty-eight and denied as to counts twenty, twenty-one, twenty-two, and twenty-three.
 III
The court now addresses the motion of defendants Weil, Gotshal Manges LLP, Mark Hoenig, and David Stone to strike counts thirteen, fourteen, and twenty-eight. (#196). The court finds that counts thirteen and fourteen, which purport to allege claims of legal malpractice, are obviously defective in that they do not allege any attorney-client relationship between the defendants and plaintiff Yvonne Liebel. The only possible exception is paragraph 182 of count fourteen, which alleges that former plaintiff Alliance Foundation and plaintiff Liebel were "clients" of defendant Stone. This allegation is insufficient. An attorney representing a closely-held corporation such as the Foundation does not necessarily represent the corporation's individual directors, officers, and shareholders. See Mayer-Wittman Joint Ventures, Inc. v. GuntherInternational, Ltd., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 134790 (June 6, 1994, Nigro, J.) (9 C.S.C.R. 687). The test is whether there is evidence that the attorney represented the corporate officer in a personal capacity. Id. In the present case, other allegations make clear that Stone was representing the corporation of which Liebel was an officer rather than representing Liebel in an individual capacity. (Complaint, ¶¶ 7, 10, 11, 32, 173, 183.) Accordingly, the court concludes that counts thirteen and fourteen fail to state a cause of action by the plaintiff.
For the reasons stated in section II of this Ruling, the court strikes CT Page 12909 count twenty-eight, alleging intentional infliction of emotional distress. Accordingly, the court grants the motion to strike by defendants Weil, Gotshal Manges LLP, Mark Hoenig, and David Stone in its entirety.
 IV
Pursuant to Practice Book § 10-44, the plaintiff may, within fifteen days, file a new pleading in response to this Ruling provided, of course, that a good faith basis exists for any new allegations.[2]
It is so ordered.
 ___________________ Carl J. Schuman Judge, Superior Court