14-1549-cv
*RIDE, Inc. v. APS Technology, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 6ᵗʰ day of May, two thousand fifteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
              ROSEMARY S. POOLER,
              SUSAN L. CARNEY,
                        *Circuit Judges.*

_____

RIDE, INC., RUSSELL D. IDE,

                    *Plaintiffs-Appellants*,

                    v.                                        14-1549-cv

APS TECHNOLOGY, INC., WILLIAM E. TURNER,

                    *Defendants-Appellees.*[*]

_____

| For Plaintiffs-Appellants: | MATHEW P. JASINSKI (William H. Narwold, *on the brief*), Motley Rice LLC, Hartford, CT. |
|---|---|
| For Defendants-Appellees: | ROBERT A. BROOKS (Caleb H. Hogan, *on the brief*), Pepper Hamilton LLP, Boston, MA. |

---

[*]The Clerk of Court is directed to amend the caption.

Appeal from the United States District Court for the District of Connecticut (Hall, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED IN PART, VACATED IN PART,** and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiffs-Appellants RIDE, Inc. and Russell D. Ide (collectively "RIDE") appeal from an April 1, 2014 judgment entered by the United States District Court for the District of Connecticut (Hall, *C.J.*) granting summary judgment to Defendants-Appellees APS Technology, Inc. and William E. Turner (collectively "APS"). RIDE's Third Amended Complaint set forth seven causes of action against APS: (1) breach of written contract, (2) breach of oral contract, (3) violation of the implied covenant of good faith and fair dealing, (4) breach of fiduciary duty, (5) accounting, (6) unjust enrichment, and (7) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b(a). We assume the parties' familiarity with the other relevant facts, the procedural history, and the issues presented for review.

We review the district court's decision to grant summary judgment "*de novo*, construing the evidence in the light most favorable to the non-moving party." *10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co.*, 634 F.3d 112, 119 (2d Cir. 2011) (internal quotation marks omitted). "Issues of contract interpretation are reviewed *de novo*," *Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 224 (2d Cir. 2011), but we review for abuse of discretion the district court's decision not to exercise its equitable powers, *see Nordwind v. Rowland*, 584 F.3d 420, 429 (2d Cir. 2009).

On appeal, RIDE advances four primary arguments. First, RIDE argues that the district court incorrectly concluded that RIDE and APS did not maintain a joint venture partnership as a matter of law. We disagree. Under Connecticut law, "[a] joint venture is a special combination of two or more persons who combine their property, money, effects, skill, and knowledge to seek a profit jointly in a single business enterprise without any actual partnership or corporate designation." *Elec. Assocs., Inc. v. Automatic Equip. Dev. Corp.*, 440 A.2d 249, 251 (Conn. 1981). While a joint venture need not be a separate legal entity, *see Inv. Assocs. v. Summit Assocs., Inc.*, 74 A.3d 1192, 1205 n.12 (Conn. 2013), it requires more than a mere agreement to share profits, *see Wicks v. Knorr*, 155 A. 816, 817–18 (Conn. 1931). Specifically, in Connecticut, a joint venture must meet five requirements:

> (1) [T]wo or more persons must enter into a specific agreement to carry on an enterprise for profit, (2) an agreement must evidence their intent to be joint venturers, (3) each must contribute property, financing, skill, knowledge or effort, (4) each must have some degree of joint control over the venture, and (5) there must be a provision for the sharing of both profits and losses.

*Censor v. ASC Tech. of Conn., LLC*, 900 F. Supp. 2d 181, 201 (D. Conn. 2012); *accord* 46 Am. Jur. 2d *Joint Ventures* § 8 (2014).

Although RIDE conceded below that it did not expressly create a joint venture *company* with APS, it maintains that a joint venture *relationship* was nevertheless formed. Yet, even accepting all of the evidence in the light most favorable to RIDE as we must, we conclude that the district court correctly held that RIDE had failed to establish a genuine issue of material fact that would preclude a finding in APS's favor on three of the five required elements of a joint venture: (1) intent to be joint venturers, (2) some degree of joint control over the venture, and (3) the sharing of both profits and losses. The absence of a genuine issue of material fact on any one

3

of these three elements would be a sufficient basis on which to affirm; the lack of all three makes clear that district court did not err in reaching this conclusion. Because RIDE's causes of action for accounting and breach of a fiduciary duty are based solely on the presence of a joint venture, we affirm the district court's grant of summary judgment to APS on these claims. In addition, insofar as RIDE's causes of action for breach of oral and written contract are based on the presence of a joint venture, we affirm the grant of summary judgment.

RIDE's second argument is that, even if the district court correctly concluded that no joint venture existed as a matter of law, there was no basis to grant summary judgment to APS on its causes of action for breach of written and oral contracts based on the alternative theory that another agreement—a 1994 contract between RIDE and APS, some oral modification to that contract, or another oral contract altogether—entitled RIDE to certain compensation. On this point, we agree with RIDE. Although the district court noted in its decision that RIDE argued that "the plain language of the 1994 Agreement . . . cover[s] the APS Product," Special App. at 10, the district court's analysis of whether to grant APS's motion for summary judgment on the causes of action for breach of contract focused on whether the 1994 contract and the subsequent course of dealings between RIDE and APS constituted the creation of a joint venture. APS did not dispute that some contract (whether the 1994 contract or a modified oral contract) governed the parties' practice of splitting equally the gross profits from the RIDE Product. The question that the district court therefore failed to consider is: "Irrespective of whether it flows from the 1994 Agreement or a separate oral contract (or modification of the 1994 Agreement), does the parties['] undisputed agreement to share profits on sales of the RIDE Product also apply to the APS Product?" Appellants' Br. 33–34. Accordingly, we vacate the grant of summary judgment

4

on the breach of written and oral contract causes of action so that the district court may answer this question in the first instance.

RIDE's third argument is that the statute of limitations does not bar its causes of action for breach of contract, violation of the implied covenant of good faith and fair dealing claim, and violation of the CUTPA. We consider the statute of limitations for each of these claims in turn. First, the parties agree that under Connecticut law, there is a six-year statute of limitations period for breaches of contract. Conn. Gen. Stat. § 52-576(a). The district court therefore correctly concluded that "[u]nder the six-year statute of limitations for contracts, a breach of contract claim seeking to recover for APS Products sales prior to November 7, 2005, would be untimely, as the plaintiffs filed this case on November 7, 2011." Special App. 24. If, however, on remand the district court concludes that a contract governed the sale of the APS Product, then the district court would also need to consider when, if ever, that contract was breached and, if necessary, whether under Connecticut law the statute of limitations had run on any such breach that occurred after November 7, 2005.

Second, it is unclear under Connecticut law whether the statute of limitations for a claim that the implied covenant of good faith and fair dealing was violated is three or six years. Assuming *arguendo* that it was the longer six-year statute of limitations period, the district court concluded that this cause of action was time-barred. In reaching this conclusion, the district court reasoned that there was no "continuing course of conduct based on the alleged joint venture relationship between the parties," and that the claim therefore accrued in 1997 at the latest based on statements in a 1997 letter. Special App. 26–27.

5

Under Connecticut law a violation of the implied covenant of good faith and fair dealing occurs where the "defendant . . . impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract . . . in bad faith." *Capstone Bldg. Corp. v. Am. Motorists Ins. Co.*, 67 A.3d 961, 986 (Conn. 2013) (internal quotation marks omitted). Bad faith in this context "implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Bad faith means more than mere negligence; it involves a dishonest purpose." *Id.* (internal quotation marks and ellipsis omitted).

Yet, this conclusion might suffer from the same flaw as the conclusion concerning the causes of action for breach of contract. That is, as far as we can tell, the Connecticut Supreme Court has not yet addressed whether an implied covenant of good faith and fair dealing accrues for statute of limitations purposes at the date of the agreement or, in the alternative, if it accrues anew each time the underlying contract that provides the covenant is breached. Accordingly, we vacate the district court's decision granting summary judgment to APS on the implied covenant claim and leave it to the district court to decide in the first instance: (1) when an implied covenant claim accrues under Connecticut law, and (2) if necessary, whether the statute of limitations is three years, six years, or some other period.

Third, the district court dismissed RIDE's claims under CUTPA as time-barred. We find no error in this decision. RIDE has consistently argued that its CUTPA claim is not barred by the relevant three-year statute of limitations because the parties engaged in a continuing course of conduct by virtue of their joint venture. Because the district court correctly concluded that no

6

joint venture existed for the reasons discussed above, there was no special relationship that gave rise to a continuing course of conduct. The district court therefore correctly concluded that any CUTPA claim was time-barred by the three-year statute of limitations.

RIDE's fourth argument is that the district court abused its discretion by refusing to consider its equitable claim for unjust enrichment as a result of the length of time that elapsed between RIDE's acceptance of a fifty-fifty profit sharing agreement and its filing the complaint. Specifically, RIDE argues that even if no joint venture exists and RIDE is not entitled to any profits from the APS Product, RIDE still may be entitled to 50% of gross profits from the sale of the RIDE Product from 1996–2009. The district court granted summary judgment to APS on unjust enrichment reasoning that "the claim is essentially based in contract, and seeks relief which has not changed since 1997." *Id.* at 30. Although the district court recognized that "the court cannot be sure that plaintiffs' claim would have been successful if brought [in 1997] under a breach of the 1994 Agreement," it concluded that because "[Ide] chose to continue splitting the gross profits on a 50/50 basis with Turner [] for another 12 years until 2009," there was no basis for bringing an unjust enrichment claim. *Id.* at 30 & n.25. We agree and therefore conclude that the district court did not abuse its discretion in refusing to exercise its equitable powers to consider RIDE's unjust enrichment claim.

For the foregoing reasons, we **AFFIRM in part, VACATE in part,** and **REMAND** for further proceedings. Specifically, we **AFFIRM** the district court's holding that RIDE and APS never had a joint venture relationship. We also **AFFIRM** the district court's decision to grant summary judgment to APS on RIDE's causes of action for unjust enrichment, breach of fiduciary duty, and violation of the CUTPA. We **VACATE** the district court's grant of summary

7

judgment to APS on RIDE's causes of action for breach of written and oral contracts and the violation of the implied covenant of good faith insofar as those claims rest on legal theories other than that RIDE and APS maintained a joint venture.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK